IN THE MATTER OF DANIEL R. GARRISON, Deceased; MARY LOUISE BOOTH, Executrix, Defendant in Error, v. ST. LOUIS TRUST COMPANY, Administrator, Plaintiff in Error.

St. Louis Court of Appeals, December 13, 1898.

1. **Administrator's Compensation.** The five per cent commission allowed administrators for their services is not earned, until the sum on which it is claimed has been fully administered, that is, rightfully paid out in the due course of administration.

2. ———: FIXED BY STATUTE. Compensation of administrators is not a matter within the discretion of courts having probate jurisdiction, but is fixed and regulated by statute.

*Writ of Error from the St. Louis City Circuit Court.*
HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

H. L. EDMUNDS for defendant in error.

Probate courts in Missouri, though courts of limited jurisdiction, are, nevertheless, invested with full power to determine all matters that may arise in the settlement of estates, and where the law is silent may and should exercise *quasi* equity jurisdiction. Our probate courts were established with extensive powers and jurisdiction for the purpose of doing everything necessary to the full and final administration of an estate. They possess about the same powers formerly exercised in England by the ecclesiastical and chancery courts. They are authorized to collect the debts of the deceased, allow claims, direct payments, make distribution to the parties entitled thereto, and in general do everything essential to the final settlement of the affairs of the deceased." Pearce v. Calhoun, 59 Mo. 274; Brown on Jurisdiction of Courts, p. 347. The judgment of the circuit court should not be reversed if the allowance can be sustained either as commissions for fully administering, or as compensations for extra services and the undisputed commissions, $636.05. If it was proper for the lower court to make the allowance upon sufficient proof of extra services, this court will presume that such evidence was introduced. The property was fully administered, and nothing remained to be done except to distribute it. The commission being a compensation for the services performed by the executor, the allowance is proper as commission. Hawkins v. Cunningham, 67 Mo. 418. The measure of compensation of administrators is not fixed by a five per cent commission on personal property and money arising from sale of real estate, but an administrator is entitled to additional compensation for collecting and preserving the estate—for extra services—even though

he is not the regular administrator but only an administrator *ad litem* or special administrator. In re Estate Boothe, 38 Mo. App. 457; Hawkins v. Cunningham, 67 Mo. 420; Smart v. Fisher, 7 Mo. 580.

A. C. STEWART and ISAAC H. ORR for plaintiff in error.

Probate courts in this state are of limited jurisdiction, as contradistinguished from courts of general or common law jurisdiction. Their powers are entirely derivative, and they can exercise no power unless conferred by statute, or, as in this state, by organic law. It is the settled law of this state that a judge of probate possesses none of the powers of a chancellor, unless the right of jurisdiction is expressly conferred by statute, or is necessarily incident to the proper exercise of duties directly imposed. Ford v. Talmage, 36 Mo. App. 65; Jefferson Co. v. Cowan, 54 Mo. 237; Smith v. Gilmore, 13 Mo. App. 155; First Baptist Church v. Robberson, 71 Mo. 327; Butler v. Lawson, 72 Mo. 227. By section 222 of the Revised Statutes of 1889, executors and administrators are entitled "as full compensation for their services and trouble to a commission of five per cent on personal property and on money arising from the sale of real estate." By "personal property" is meant personal property which has been fully administered. Not personal property which is delivered to an administrator *de bonis non*. Hawkins v. Cunningham, 67 Mo. 415; Hitchcock v. Mosher, 106 Mo. 578; Grenshaw v. Bentley, 31 Mo. App. 75; In re Estate of Handfield, 16 Mo. App. 332; In re Estate of Booth, 38 Mo. App. 456. The probate court, in the absence of express statutory authority, can not apportion the commissions allowed by law on the entire estate between the executor and the administrator *de bonis non*.

In re Estate of Seitz, 6 Mo. App. 250; Schoenich v. Reed, 8 Mo. App. 356; 2 Woerner's Am. Law of Adm'r, sec. 531. The commission which the law allows the executor is the extent of his compensation. He may employ help when necessary, and pay for same out of the estate, but if he undertakes to act in such capacity, himself, for the estate, he can receive no compensation. Gamble v. Gibson, 59 Mo. 585; Scudder v. Ames, 89 Mo. 496, 511; Booker v. Armstrong, 93 Mo. 49, 56; Jacobs v. Jacobs, 99 Mo. 436.

BLAND, P. J.—March 8, 1896, Daniel R. Garrison, a resident of the city of St. Louis, died, leaving a last will. On March 26, 1896, Thomas Booth, qualified and received letters testamentary as executor of the will of Garrison, and administered Garrison's estate, until June 6, 1897, when he died. The inventory of Garrison's estate, as filed by Booth, consisted of real estate, cash, stocks, bonds, notes and miscellaneous chattels, aggregating $74,887.46 in value. To this amount was added income during the period of Booth's administration, $3,597.32, making a total of personal estate to be accounted for by Booth's executrix of $78,484.78. On June 15, 1897, the St. Louis Trust Company qualified as administrator *de bonis non*, with will annexed of the estate of Garrison, and on July 6, 1897, Mrs. Mary Louise Booth, executrix of the last will of Thomas Booth, presented to the probate court, city of St. Louis, the final settlement of Booth as executor of the estate of Garrison. In this settlement Booth was charged with the total sum of $78,484.78, and asked credit for the gross sum of $12,721.17. This settlement was approved by the probate court, and the sum of $1,962.11 was allowed the Booth estate as commission for the services of Booth as executor, being one half of five per cent on $78,484.78. One hundred dollars attorney's

fees was allowed, leaving a balance to be accounted for of $63,701.50. The administrator *de bonis non* filed an exception to the allowance of $1,962.11 as commission to the Booth estate, claiming that it was entitled to a commission of five per cent on the actual amount disbursed by Booth, to wit, five per cent on $12,721.17, or $636.05. This exception was overruled by the probate court, whereupon the administrator *de bonis non* appealed to the circuit court, where upon a trial *de novo* the exception was again overruled, and the settlement as allowed and approved by the probate court was in all things affirmed.

The abstract filed by plaintiff in error shows that a motion for new trial was filed and overruled, so does the transcript, but no exceptions were saved to this ruling of the circuit court, and the motion not being a part of the record proper, can not be considered here, and the cause must be treated as though no such motion was in fact filed. But the item to which the exception was made, to wit, the allowance of one half of five per cent commission on $78,484.78 allowed the deceased executor is shown in the record; it is so expressly stated in the judgment of the probate court being written in the settlement that $1,962.11, one half of five per cent commission on $78,484.78 is allowed the deceased executor, and the judgment of the circuit court approves the settlement as made and allowed in the probate court. The error complained of is therefore patent on the face of the record proper and may be reviewed here and the judgment reversed, though no motion for a new trial was filed. South St. Joseph Land Co. v. Bretz, 125 Mo. 418; State ex rel. v. Scott, 104 Mo. 26; McIntire v. McIntire, 80 Mo. 470; Nelson Distilling Co. v. Hubbard, 53 Mo. App. 23. As full compensation for their services and trouble executors

and administrators are, by section 222, Revised Statutes 1889, allowed a commission of five per cent on all personal property and on money arising from sale of real estate. In Hawkins v. Cunningham, 67 Mo. loc. cit. 418, the supreme court speaking through Judge HENRY, said: "If he (the administrator), fully administers the estate, he is entitled to full commission. If he chooses to resign, or if for cause he be removed, before he fully administers the estate, he will only be allowed reasonable charges for leasing real estate, legal advice and services, collecting and preserving the real estate, and five per cent upon the amount of money he may have actually paid out." In Hitchcock v. Mosher, 106 Mo. loc. cit. 582, the court speaking through Judge BRACE of section 222, *supra*, say: "It means that the administrator is to receive five per cent commission on assets belonging to the deceased actually received by him *virtue officii* and properly paid away by him in the course of his administration." The same construction is given the statute by this court. In re Est. Boothe, 38 Mo. App. 456. In Hawkins v. Cunningham, *supra*, it was decided that compensation of administrators is not a matter within the discretion of courts having probate jurisdiction, but is fixed and regulated by statute. From reason, as well as on the authority of the cases cited above, we hold that the five per cent commission allowed administrators for their services is not earned, until the sum on which it is claimed has been fully administered, that is rightfully paid out in the due course of administration, to creditors or distributees of the estate. It follows that the exception filed by the executor *de bonis non* to the settlement should have been allowed, for which error the judgment is reversed and cause remanded. All concur.