BERKMEIR, Respondent, v. PETERS, Executor, Appellant.

**St. Louis Court of Appeals, April 4, 1905.**

1. **DEEDS: Delivery: Death of Grantor.** The delivery of a deed, after the death of the grantor, by his executor, and the placing of the same upon the record by the grantee, did not have the effect to pass the title to the grantee in the absence of evidence that the grantor authorized the delivery of the deed.

2. **HUSBAND AND WIFE: Distribution: Agency.** The husband can not, without the express assent of his wife, by any agreement of his, apply her distributive share of her father's estate to the payment of land conveyed to him by the deceased father.

3. **DISTRIBUTION: Interest: Legacy Wrongfully Withheld.** One of several residuary legatees whose share was wrongfully withheld from her after the payment of the other shares and the discharge of the debts against the estate, was entitled to interest from the time payment should have been made, although the gross amount due her was in excess of the balance in the hands of the executor.

Appeal from St. Charles Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

*C. J. Walker, Norton, Avery & Young* for appellant.

*Thedore Bruere & Son* for respondent.

Respondent is clearly entitled to her proportionate share of the legacy bequeathed to her under the seventh clause of her father's will. Section 240, page 175, Revised Statutes 1899. The doctrine of bringing advancements into hotchpot applies only in cases of intestacy. Section 2913, page 740, Revised Statutes 1899; Turpin v. Turpin, 88 Mo. 340.

BLAND, P. J.—William Peters died testate in the county of St. Charles, Missouri. The respondent is the executor of his last will. The seventh clause of the will is as follows:

"All the rest, residue and remainder of my estate of every kind and nature and description, both real and personal and mixed, I give, devise and bequeath in equal parts, share and share alike, to my remaining seven children, to-wit: Henry Peters, Edward Peters, Annie Barnhop, Mollie Berkmeir, Katie Kessler, Clara Painter and Lizzie Painter."

Prior to the commencement of this proceeding, the executor, out of the estate, made the following distributions to six of the heirs named in the will, to-wit:

"To Henry Peters, on the 2d day of February, 1900 ..... ...... ...... ...... ...... ....$ 3,000

To Edward Peters, on the 1st day of June, 1897 4,100

To Lizzie Painter, on the 2d day of February, 1900 ........... .......... ....... ...... ....3,000

To Annie Barnhap, on the 6th day of February, 1897, $2,880, and on the 4th day of August, 1899, $245, total, ............... ..... .. 3,125

To Katie Kessler, on May 11th, 1897, $1,665, and on the 2nd day of February, 1900, $1,335,

total.... ...... .... ...... .... ..... ..    3,000

To Clara Painter on June 1, 1897, $1245.50, and

on February 2, 1900, $1754.50, total ........3,000

$19,225."

The respondent filed her petition, in the probate court of St. Charles county, for an order on the appellant to require him to pay to her her share of the estate. The probate court made an order on appellant to pay respondent twenty-seven hundred dollars, from which an appeal was taken to the circuit court. On a trial anew in the circuit court, it was found by the court that respondent's distributive share in the personal estate of the testator was thirty-five hundred dollars, and judgment was rendered accordingly from which the executor duly appealed. At the trial the appellant interposed as a defense evidence showing that in 1896, William Peters signed and acknowledged a deed conveying to the husband or respondent (Benj. Berkmeir) one hundred and sixty acres of land situated in St. Charles county, in consideration, as expressed in the deed, of one dollar and love and affection. The deed was not delivered by William Peters to Berkmeir nor was it found among Peters' papers after his death, but was received by the executor from C. J. Walker, Esq. After getting possession of the deed, the appellant delivered it to Benj. Berkmeir and it was placed of record.

Appellant testified that Berkmeir and his wife both stated to him that they were to pay three thousand dollars for the land described in the deed, and agreed that as soon as it was ascertained what their distributive share in the estate would be, they would receipt the executor for the same and pay the balance, if any, and in the spring of 1897, after this agreement was made, Benj. Berkmeir paid him one hundred and fifty dollars, as interest on the three thousand dollars due for the land, but afterwards Berkmeir refused to give a receipt for his wife's share of the estate to be applied as

payment on the land. Two of respondent's sisters testified that she stated to them that they (respondent and her husband) had bought the land. The respondent flatly contradicted the testimony of the appellant and of her two sisters and denied emphatically that she agreed with appellant that her distributive share in the estate might be applied as payment on the land and denied ever having any conversation with any of these witnesses about the land or about paying for the land. The deed was not made to respondent nor to her and her husband jointly, but to the husband alone. It is not shown by the evidence by whom the deed was delivered to Walker or for what purpose it was lodged with him. Its mere delivery to Benj. Berkmeir by the appellant, there being no evidence that he was authorized by the grantor to make the delivery, and the placing of the deed on record by Benj. Berkmeir, after its delivery to him by appellant, did not have the effect to pass title to him; nor could be, without the express assent of his wife, by any act or agreement of his, bind the respondent to apply her distributive share of the estate in payment on the land. There is no evidence tending to show that respondent's husband was her authorized agent for any purpose, and she testified that she never agreed or consented that her distributive share in the estate should be applied as payment or part payment for the land. On this testimony the learned trial judge might very well find, as he did find, that the respondent's distributive share in the estate of her father was still due to her and that she had made no contract or agreement whereby it should be applied as a payment for the land.

2. Appellant's last settlement shows a balance of $2844.50 then in his hands as executor. It is contended by appellant that the court erred in rendering a judgment in excess of this amount. The court found that all debts of the estate had been fully paid. The larger part of the legacies paid to the other six legatees were paid in 1897 and there is no reason shown why respond-

ent should not have been paid the greater part of her legacy at the same time, therefore, the money was wrongfully witheld from her and she is justly entitled to interest thereon. If interest be added to what she should have received in 1897, the gross sum now due her would exceed what the court awarded, therefore the judgment does not appear to be excessive and is affirmed. All concur.