In the Matter of the Final Settlement of EDWARD PETERS, Executor of the Estate of WILLIAM PETERS, Appellant, v. BERKEMEIER and PAINTER, Respondents.

St. Louis Court of Appeals, January 21, 1908.

1. EXECUTORS AND ADMINISTRATORS: Interest on Distributee's Allowance. Where an executor appealed from an order of distribution made by the probate court which order was finally affirmed in the court of last resort, whether or not he should pay interest out of his own pocket, on the sum allowed, from the time of the order, would depend on whether he contested the order of the probate court in good faith, with reasonable cause to believe it would be reversed. The facts in

In re Final Settlement of Peters.

this case are examined and *held*: his defense was unreasonable so that he should be charged with interest from the time the. order was made.

2. ———: **Attorneys' Fees: Costs.** An executor can not be allowed credit for attorneys' fees paid by him in an action brought in behalf of the heirs of the estate and not on behalf of the estate, nor should he be allowed credit for attorney's fees and costs paid *in* resisting orders of probate court without reasonable grounds for such resistance.

3. ———: **Commissions: Money Collected and Paid Out.** Under section 223, Revised Statutes 1899, an executor is allowed a commission only on amounts collected and paid out; he is not allowed commission on land taken under mortgage and distributed.

4. ———: **Attorneys' Fees.** An executor cannot properly be allowed an attorney's fee for services rendered on behalf of the estate where the only service shown to be rendered was in resisting an order of distribution to which there was no reasonable defense.

Appeal from St. Charles Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

AFFIRMED.

*C. J. Walker* and *Norton, Avery & Young* for appellants.

*C. W. Wilson* and *Theodore C. Bruere* for respondent Mollie Berkemeier.

BLAND, P. J.—Appellant, in his final settlement, as executor of the last will of William Peters, filed in the probate court of St. Charles county, charged himself with $12,181.13 and asked credit for $12,193.58. He also listed as unavailable a lot of notes on the inventory, amounting in the aggregate to $6,068.05. Mollie Berkemeier and Lizzie Painter, both heirs of William Peters and distributees of his estate, filed separate exceptions to the settlement. Evidence on the exceptions was heard by the probate court at the January, 1906,

term thereof and on February twenty-fourth the court found as follows:

"First. That the executor has failed to charge himself with $197.20 interest received from the St. Charles savings bank on money deposited.

"Second. That said executor has improperly taken credit for the sum of $676.65, being the interest paid by him to Mollie Berkemeier, and finds that the said executor after having charged himself with the said $197.20, interest from the bank, should be charged with the difference between $676.65 and $197.20, to-wit, the sum of $479.45.

"Third. Finds that the executor has taken credit with $37.42 for taxes improperly.

"Fourth. That the executor improperly takes credit with $61.45 unavailable on the note of Alex. Schroeder.

"Fifth. That the executor has improperly taken credit for the sum of $401.70 attorneys fees and costs incurred by the executor in prosecuting two lawsuits, as mentioned in items two and seven of the exceptions of Mollie Berkemeier and in item six of the objections of Lizzie Painter.

"Sixth. That the executor has failed to charge himself with $19.72, interest collected from Sophia Painter.

"Seventh. That the entire sum with which said executor should be charged in his final settlement not charged therein amounts to $1,196.94, leaving in his hands for distribution the sum of $1,184.49."

In due time the executor appealed to the circuit court, where on a trial *de novo* the judgment of the probate court was in all things affirmed, from which judgment he appealed to this court. The executor paid to Mollie Berkemeier, on an order of distribution, the sum of $4,176.71 for which he claimed credit; of this sum the probate court only ordered the payment of

$3,500. The difference between the sum allowed and the sum paid was interest which accumulated on the allowance between the date it was made and the date of payment. The executor also paid to O. H. Avery $49.75 for a brief, to William Wolter $78.05, to Norton, Avery & Young $250 attorneys' fees, and to O. H. Avery as costs $23, for all of which he asks credit. The probate court disallowed these items. In the circuit court, for the first time, appellant claimed $125.05 as executor's commission. While there were many other than the above exceptions to the final settlement, filed in the probate court, only the ones last noted were contested in the circuit court. It appears from the evidence that on March 12, 1902, the executor was ordered to pay Mollie Berkemeier $3,500 on account of her distributive share of the estate. The executor appealed from this order to the circuit court, where the judgment of the probate court was affirmed, from which judgment he appealed to this court. This court, at the March term, 1905, affirmed the judgment. [See Berkmeir v. Peters, 111 Mo. App. 717, 86 S. W. 598.] Pending this litigation $676.65 interest accumulated on the allowance of $3,500, and the executor was compelled to pay both the principal and the accumulated interest. Both the probate and circuit courts decided that the litigation was not justified and for this reason the executor was not entitled to credit for the interest. The defense to the order of distribution interposed by the executor, in the case of Berkmeir v. Peters, supra, is stated as follows at pp. 719, 720: "At the trial the appellant interposed as a defense evidence showing that in 1896, William Peters signed and acknowledged a deed conveying to the husband of respondent (Benj. Berkmeir) one hundred and sixty acres of land situated in St. Charles county, in consideration, as expressed in the deed, of one dollar and love and affection. The deed was not delivered by William Peters to Berkmeir nor

was it found among Peters' papers after his death, but was received by the executor from C. J. Walker, Esq. After getting possession of the deed, the appellant delivered it to Benj. Berkmier and it was placed of record.

"Appellant testified that Berkmier and his wife both stated to him that they were to pay three thousand dollars for the land described in the deed, and agreed that as soon as it was ascertained what their distributive share in the estate would be, they would receipt the executor for the same and pay the balance, if any, and in the spring of 1897, after this agreement was made, Benj. Berkmier paid him one hundred and fifty dollars, as interest on the three thousand dollars due for the land, but afterwards Berkmier refused to give a receipt for his wife's share of the estate to be applied as payment on the land. Two of respondent's sisters testified that she stated to them that they (respondent and her husband) had bought the land. The respondent flatly contradicted the testimony of the appellant and of her two sisters and denied emphatically that she agreed with appellant that her distributive share in the estate might be applied as payment on the land and denied ever having any conversation with any of these witnesses about the land or about paying for the land. The deed was not made to respondent nor to her and her husband jointly, but to the husband alone."

In regard to the deed from William Peters and wife to Benj. Berkemeier, Senator Walker testified that on the twenty-first day of May, 1898, he wrote William Peters' will and Mr. Peters asked him to prepare a deed to Benj. Berkemeier; that he had no blank deeds and had Mr. Peters and his wife sign their names to some legal cap, intending to fill it out when he got to his office but lost it; that he afterwards prepared the deed, had Peters and his wife sign and acknowledge it and took it back to his office; that some three months after

In re Final Settlement of Peters.

Mr. Peters' death, the executor and Benj. Berkemeier came to his office and one or the other told him to have it recorded, and he did so; that Mr. Peters gave him no instructions about delivering the deed and it was never delivered to Berkemeier during Peters' lifetime; that William Peters died October 25, 1896, and this deed was taken out of his office and recorded the twenty-sixth day of December, 1896.

There is some evidence tending to show that some of the distributees of the estate counseled and advised the executor to contest the order of distribution to Mrs. Berkemeier to the court of last resort.

1. The question for decision is whether the facts justified the taking and prosecution of the appeals in the matter of Mrs. Berkemeier's allowance. If the allowance was contested in good faith and there was reasonable cause to believe that the order of the probate court should be reversed, then the executor ought not be required to pay the interest that accumulated pending the litigation out of his own pocket; on the other hand, if there was no good ground for resisting the order, he should be held personally responsible for the interest. [Pound v. Cassity, 166 Mo. 419.] It does not seem there can be any two reasonable opinions in respect to the reasonableness of the defense interposed by the executor to the order of allowance. Mrs. Berkemeier acquired nothing by the deed of William Peters to her husband; as to that deed and the consideration therefor, she was an utter stranger, as much so as though the conveyance had been to an utter stranger, and we think the courts correctly held that the executor should not have credit for the interest that accumulated on the order of distribution pending the litigation.

2. On August 1, 1901, a bill in equity, with the following caption, was filed in the circuit court of St. Charles county:

"Henry Peters, Edward Peters, Kate Kessler and

John H. Kessler, her husband, Clara Painter and Otto Painter, her husband, Elizabeth Painter and Jno. Painter, her husband, Annie Bornhop and Henry Bornhop, her husband, Plaintiffs, v. Benjamin Berkemeier and Mollie Berkemeier, his wife, Defendants.

Bill in equity to cancel deed.    In the Circuit Court of St. Charles County, Missouri, September Term, 1901."

The object and nature of said bill was to set aside the deed of William Peters and wife to Benj. Berkemeier.    The defendants filed an answer and the suit was tried, resulting in a judgment setting the deed aside. The items of $49.75 for brief, $250 attorneys' fees; $23 to Avery for costs, and $78.05 to Wolter accrued in the above-entitled action and in the proceedings in opposition to the order of distribution to Mollie Berkemeier.    The bill in equity was not prosecuted in behalf of the estate of William Peters, but by and in behalf of his heirs, for their personal benefit.    Neither the costs or attorneys' fees in the case are chargeable against the estate; and if we are right in holding the resistance of the order of distribution of Mollie Berkemeier was without reasonable grounds, the executor should pay the costs and his attorneys' fees which accrued in that proceeding.

3.    With respect to the claim of $125.05 as commission by the executor, it appears that this claim is for five per cent commission on $2,401 of the notes returned as unavailable.    This amount of unavailable notes was secured by mortgages which were foreclosed and the mortgaged lands bid in and distributed among the heirs of William Peters.    There was no cash collected or paid out on these notes.    It is only on amounts collected and paid out that an executor is entitled to commission under the statute.    [R. S. 1899, sec. 223; In re Garrison v. Trust Co., 77 Mo. App. 333.]

4.    The executor asks that he be allowed a reason-

able attorney's fee for making and defending the final settlement. The court refused to allow any sum as attorney's fee for the purpose asked. The abstracts are somewhat meager, but it appears that the administrator paid Senator Walker $1,225 as an attorney's fee and took credit therefor and that this sum was paid under a written agreement, entered into by and between the Senator and executor, by which the Senator was to receive $1,225 as full compensation for services rendered and to be rendered by him in connection with the estate, including the final settlement and all litigation had or that might be had in connection with said estate. There is no evidence in the record showing or tending to show that the estate was involved in any litigation other than that of resisting the order of distribution by Mollie Berkemeier. In the light of these facts, we think the court wisely decided that no further sum should be allowed as attorney's fees.

The judgment is affirmed. All concur.