In the Matter of the Estate of Jennie Cohn, Deceased, Neiman Abrams, Executor, In Re: Application of Executor for Allowance; Neiman Abrams, Executor of the Estate of Jennie Cohn, Deceased, Appellant, v. Issie Cohn, Jake Cohn, Mrs. Joseph Cohn, Administratrix of the Estate of Joseph Cohn, Deceased: Kansas City Title and Trust Company, Trustee for Benjamin Beneficiaries and Esther Cohn Sosland, Beneficiaries Under the Will of Jennie Cohn, Deceased, Respondents.—163 S. W. (2d) 802.

Kansas City Court of Appeals.   June 15, 1942.

*Maurice Weinberger* for appellant.

*Ringolsky & Jacobs, Wm. G. Boatright, Robert J. Coleman* and *Calvin & Kimbrell* for respondents.

SPERRY, C.—Neiman Abrams, petitioner, sought an allowance of five per cent in the probate court, as executor's fees, on certain real estate acquired through foreclosure of a deed of trust belonging to the estate of Jennie Cohn, deceased. The probate court disallowed the claim and petitioner appealed to circuit court where the judgment was adverse to petitioner. He then prosecuted his appeal to this court.

The controversy was submitted in circuit court on an agreed statement of facts in which it was stipulated:

"The sole question at issue is whether or not said executor is entitled to an additional commission, upon an order of distribution being made, for receiving and distributing said real estate in his capacity as executor, and if so, how much."

The real estate referred to, and the circumstances attending same, are as follows: Said Jennie Cohn at the date of her death in 1932 owned a note for $37,500, secured by a first deed of trust on improved Kansas City, Missouri, real estate, which note came into appellant's possession as executor. After three semi-annual interest payments were met, the mortgagor defaulted and made no further interest payments. Acting under the provisions of section 95, Revised Statutes of Missouri, 1939, the executor, on March 29, 1935, obtained an order of the probate court approving foreclosure of the deed of trust and purchase of the real estate by the executor at his discretion, and directing the executor to request the trustee named in the deed of trust to sell the property in accordance with the terms of said deed of trust. This was done and the executor purchased the property at the mortgage trustee's foreclosure sale, bidding far less than the amount due on the note, no cash being paid in, however, on the bid. Prior to the foreclosure of the deed of trust there was not sufficient

funds and personal property in said estate, exclusive of said note, to pay debts owing by said estate, and costs of administration. After the sale the executor collected rents .from the property, such rents, together with sums realized from personalty left by testatrix, amounted to the sum of approximately $15,000, which has been disbursed or is ready for disbursement. The parties stipulated that he should receive a five per cent commission on same. The real estate itself is not now needed for payment of debts and the executor is about to distribute same in accordance with the will of Jennie Cohn. Petitioner insists that he is entitled to a commission on the value of this real estate, in addition to the commission on the rents received therefrom and on the cash realized from personalty received and disbursed, or to be disbursed, by him.

The sole question, therefore, as presented by the stipulation and the record, is whether an executor who has purchased real estate under section 95, Revised Statutes of Missouri, 1939, and has received money from the rents of the real estate or otherwise sufficient to pay all debts, so that the real estate is not needed to pay debts, and may not and will not be sold, is entitled to a commission on the value of such real estate.

A judicial determination of the question here posed depends upon our construction of sections 95, 96 and 220, Revised Statutes Missouri, 1939.

Section 95, *supra*, provides as follows:

"Whenever any note, bond, account or other indebtedness belonging to the estate of any lunatic, or person of unsound mind, minor or deceased person, shall be secured by any mortgage, deed of trust, vendor's lien or other lien on any real estate, and the same remains due and unpaid, the administrator, executor, guardian or curator of such estate may, under the order of the probate court having jurisdiction thereof, purchase such real estate at the sale made under such mortgage, deed of trust or other lien aforesaid, at a price not exceeding the amount due such estate on such note, bond, account or other indebtedness, and receive a deed therefor, and upon the execution of such deed the administrator or executor shall be seized of the premises so purchased by him in trust for the benefit of the same persons, whether creditors, next of kin or others, who would be entitled to the money if the premises had been redeemed; but in case the said probate court is satisfied that the widow has received the articles or money as is provided for in sections 107, 108 and 109, and that such real estate so ordered to be purchased by any such administrator or executor will not be needed to pay the debts of such deceased person, the said court shall, in such order, require the administrator or executor to have the deed made to and in the name of the heirs or devisees of such deceased person; . . ."

Section 96, *supra*, provides as follows:

"Any real estate held by any executor or administrator under the provisions of the foregoing section shall be assets in his hands, and shall be administered and accounted for as such, *and may be leased or sold for the payment of debts in the same manner as any real estate* of which the deceased person died seized-such sale to be made upon the order of probate court and upon the petition filed.as is or may be provided for by law in other cases." (Italics ours.)

The statutes above mentioned provide a clear method by which the estate of a deceased person may be protected against loss, deterioration and dissipation of that class of assets represented by notes secured by mortgages and deeds of trust during the period of administration, during which time the heirs, legatees and creditors are powerless to act. If there are notes secured by mortgages and deeds of trust among the assets, and if foreclosure is had *for any reason* then it *may* become the duty of the administrator or of executor to protect the interests of the estate by purchasing the real estate at such sale. The statute authorizes that to be done which the necessities of the situation may require, in order that the estate may be preserved and protected. It is thus made possible for the executor or administrator to fully perform his duty and execute his trust in respect to conserving the assets of the estate.

But does he get any pay for this specific service? The statute which prescribed the procedure makes no provision for payment to the executor or administrator for his services in that behalf. There are many things which a person occupying such a position must do, and for which he receives no specific remuneration. His duties, in any case, are not limited merely to the reception and disbursement of money. Therefore it is not unusual that no specific provision for payment to the executor is made for performance of the function herein authorized.

The last above mentioned section of the statute specifically provides that real estate acquired under the provisions of the previous section, whether title is taken in the name of the executor or administrator, or in the name of those who would have been entitled to the cash proceeds of the note, shall be administered and disposed of in the same manner that other real estate owned by a decedent is administered and disposed of. If it is not needed for payment of debt the executor or administrator has no right to sell it; if it is needed for payment of debts it may be sold by resort to the same procedure as is prescribed for sale of "any real estate of which the deceased died seized."

Section 220, Revised Statutes Missouri, 1939, makes provision for remuneration to executors and administrators ". . . as *full* compensation for their services and trouble a commission of five per cent, on personal property and on money arising from the *sale* of real estate: . . ." (Italics ours.) Full compensation is fixed at five per cent on all sums *received* and *disbursed*. The Supreme Court has said in a

recent decision that such compensation is what an executor or administrator receives, whether he earns that amount, a less amount, or more. [In Re Estate of Shelton v. McHaney, 93 S. W. (2d) 684, 688, 338 Mo. 1000, 1009.]

While the case at bar presents a rather unusual situation in that but one other such case, identical with it, has found its way to the appellate courts of this State, yet the question is not difficult of solution if it be borne in mind that section 220, Revised Statutes Missouri, 1939, *supra,* is the only section of the statute to which executors and administrators may look for authority to collect compensation for services. To hold that the executor here is entitled to receive a percentage on money not disbursed would be to set at naught the plain terms of the statute. [Vorderstrasse's Estate v. Haumueller, 266 S. W. 1019, 1020.]

The precise question here presented was before the St. Louis Court of Appeals, In Re Final Settlement of Peters, 128 Mo. App. 666, 107 S. W. 406, and the court held, l. c. 672:

"With respect to the claim of $125.05 as commission by the executor, it appears that this claim is for five per cent commission on $2401 of the notes returned as unavailable. This amount of unavailable notes was secured by mortgages which were foreclosed and the mortgaged lands bid in and distributed among the heirs of William Peters. There was no cash collected or paid out on these notes. It is only on amounts collected and paid out that an executor is entitled to commission under the statute (R. S. 1819, sec. 223; In re Garrison v. Trust Co., 77 Mo. App. 333)."

Petitioner here relies strongly on Gilbreath v. Cosgrove (K. C.), 193 Mo. App. 419. The opinion in that case holds that when a testator directs real estate to be sold and the money to be divided, the real estate is forthwith, in equity, converted into personalty and that the executor is entitled to his fee for distribution even though the heirs, before sale, demand the land instead of the cash proceeds thereof, thereby effecting an equitable reconversion to realty. We think the two cases are distinguishable on the facts. The decision in the case of In Re Peters, *supra,* is logical and is in harmony with our construction of sections 95, 96, and 220, Revised Statutes Missouri, 1939, and we approve the doctrine there announced.

The judgment is affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.