In the **ESTATE OF Edward LaMont NEWHART, Deceased.**

**No. WD 32630.**

Missouri Court of Appeals, Western District.

Sept. 1, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 1981.

Application to Transfer Denied Nov. 10, 1981.

Roger M. Baron, Tuscumbia, Administrator of decedent's estate.

Robert J. Seek, Eldon, Appointed as Administrator ad Litem to protect interests of estate in this appeal.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

Administrator of decedent's estate appeals from an order of the probate court denying additional compensation. The order is a final judgment, and a direct appeal vesting jurisdiction in this court is authorized by § 472.160.1(10), RSMo 1978. The judgment is affirmed.

In summary, it is alleged that the probate court erred in denying additional compensation because (a) said request is authorized under § 473.153.1, RSMo 1978, absent a finding that the administrator failed to discharge his duties pursuant to § 473.153.4, RSMo 1978, and (b) the amount allowed is less than the minimum authorized by the statutory schedule (§ 473.153.1).

The record is brief in that no hearing was held on appellant's request. This appeal lies from the record and orders of the estate administration. Decedent died intestate, and on August 23, 1979 an estate was opened by appellant upon the request of the surviving child. The estate realized $952.75 from the auction of personal property. Real property, which consisted of decedent's residence, was subject to a deed of trust to the favor of the Farmer's Home Administration in excess of $10,000. The house on the property had deteriorated below F.H.A. standards, and over $1,000 was earmarked from the sale proceeds to bring the property to F.H.A. standards. Sale of the real property brought the sum of $18,500. The net amount from this sale realized by the estate was $5,682.55.

Remaining assets consisted of $1,221.83 from insurance policies and a bank account, and $420.00 from rental income from the real property pending the administration of the estate. The total sum realized by the estate from all sources was $8,277.13.

Compensation allowed appellant totaled $713.62. Allowance of compensation is statutory under § 473.153.1. The rates applicable herein are 5% on the first $5,000 and 4% on the next $20,000. If these rates were applied to the total realized by the estate ($8,277.13), allowance would total $381.09

(5% on \$5,000 = \$250.00, 4% on the balance of \$3,277.13 = \$131.09). However, § 473.153.1 permits the probate court greater flexibility than the mere application of the rate schedule. As will be observed below, this is the focal point of appellant's first alleged error.

Appellant submitted an itemized statement listing 29.8 hours at an hourly rate of \$40.00 per hour. That statement included advanced expenses. The total sum claimed was \$1,204.60. The probate court ordered payment of \$713.62, and denied appellant's subsequent application for \$490.98. This appeal followed.

In his first point, appellant argues that his request of \$1,204.60 was reasonable. He further argues that § 473.153.1 mandates that the probate court allow additional compensation where reasonable compensation exceeds the minimum prescribed in the statutory rate schedule. Appellant relies upon the following language from § 473.153.1:

> "In any case where reasonable compensation to the personal representative is in excess of the minimum provided in the above schedule, the court shall allow such additional compensation as will make the compensation of the personal representative reasonable and adequate."

Appellant contends that in light of the foregoing language, the probate court could reduce his claim only upon a specific finding that he failed to meet his responsibilities to the estate as provided for in § 473.153.4, RSMo 1978. The pertinent portion of § 473.153.4 reads:

> "If the court finds that a personal representative has failed to discharge his duties as such in any respect it may deny him any compensation whatsoever or may reduce the compensation which would otherwise be allowed."

Appellant argues that since the language of § 473.153.1 states "shall allow", it is mandatory that the probate court approve his claim. Appellant supports this contention by further arguing that his claim is reasonable and there was no specific finding by the probate court that he failed to discharge his duties. (§ 473.153.4)

The first point (a) fails for the following reasons: In the first instance, appellant made no request of the probate court for specific findings. This matter is reviewed pursuant to Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). Rule 73.01(a)(2) provides that "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached."

Upon the issue of findings of fact, it has been held that the trial court has no duty to make such findings absent a specific request for same, and if no such findings are entered, all fact issues are deemed found in accordance with the judgment entered, *In re Marriage of Badalamenti*, 566 S.W.2d 229 (Mo.App.1978).

Although appellant argues that his claim is reasonable, this is a factual determination to be made by the probate court. Review by this court is limited by Rule 73.01(a)(2) and *Murphy v. Carron, supra*. As has been observed, appellant did not request specific findings and that question is foreclosed under the rule and *Badalamenti*. In addition, nothing suggests that the judgment violated the rule of *Murphy v. Carron, supra*.

While appellant's contention [under point (a)] could be summarily ruled within Rule 73.01, such limited ruling would fail to address appellant's argument as to the applicable statutes and the interpretation of those statutes given by this court. Appellant's argument does not directly attack the reasonableness or unreasonableness of the probate court's award of compensation. Rather, appellant asserts that his presented claim of \$1,204.60 is reasonable. Appellant then argues for an interpretation of § 473.153.1, assuming that since the probate court made no finding that he failed to discharge his responsibilities to the estate (§ 473.153.4), the probate court "shall allow" his claim. Stated another way, appellant contends that since his claim was reasonable and the probate court did not find failure of performance, it was bound by statute (§ 473.153.1) to honor his claim and order the payment without reduction of the same.

This court cannot agree with appellant's suggested interpretation of § 473.153.1. If appellant's argument was accepted as the correct interpretation of the statute, then a probate court would be bound to order payment of any claim from the administrator unless the court were to find the administrator failed to discharge his or her responsibilities to the estate. Such is not the legislative intent of § 473.153.1.

In review of § 473.153.1 and appellant's "shall allow" argument, it can readily be observed that appellant elects to stand on the term "shall allow" by itself and separated from the remainder of the statutory language. The term "shall allow" cannot be excised or removed from the language and meaning of the remainder of § 473.153.-1. When read with the remainder of the language, the term "shall allow" confers on the probate court authority and flexibility to award "*additional compensation as will make the compensation of the personal representative reasonable and adequate.*" Neither the foregoing language nor the legislative intent leads to the conclusion argued by appellant.

■ The allowance of compensation is initially fixed by the rate schedule set forth in § 473.153.1. Alternatively, the probate court is empowered by the same statutory section to allow compensation in excess of the minimum sum provided in the rate schedule. The granting of compensation in excess of the minimum rate schedule is not, as appellant argues, mandatory upon the mere submission of a claim for compensation (in excess of the minimum prescribed by the rate schedule) coupled with the absence of a finding of failure to meet responsibilities to the estate by the administrator. Rather, the term "shall allow", when placed within the wording and context of the sentence in which it is contained, authorizes the probate court to allow additional compensation in such amount as will make the compensation to the representative reasonable and adequate.

From the wording and intent of § 473.-153.1, the following conclusions are drawn and deemed applicable to this issue.

Each case must be decided upon its own particular facts and circumstances. The determination of what is reasonable under the particular facts and circumstances of each case is left to the probate court as the finder of fact. Review of the sum awarded is subject to Rule 73.01 and *Murphy v. Carron, supra.* In the absence of a requested finding of fact upon the question, as is the case herein, all facts relative thereto are deemed found in accordance with the judgment of the probate court. See *Badalamenti, supra.* The mere submission of a claim for compensation does not compel the probate court to order payment of the same. In addition, determination of the reasonableness of the claim and the amount ordered paid is not contingent upon the absence of a finding of failure to meet responsibilities to the estate by the administrator. The "responsibility clause", § 473.153.4, is construed as a separate statutory section to the extent that the probate court is empowered to deny all or any portion of a claim for compensation by an administrator upon his or her failure to meet his or her responsibilities. Thus, § 473.153.1, which allows additional compensation, is not interdependent upon § 473.153.4 for the purpose of authorizing or granting additional compensation. Conversely, § 473.153.4, when supported by sufficient facts and particular circumstances, may be applied by the probate court exclusive of any reference or dependence upon § 473.153.1.

■ Appellant argues that his claim for $1,204.60 was reasonable. His claim is based upon a total of 29.8 hours at a compensatory rate of $40.00 per hour. This court addresses neither the question of hours expended nor the reasonableness of the claimed rate of $40.00 per hour because of the applicability of Rule 73.01(a)(2). Moreover, the decision reached by the probate court is not disturbed on this appeal because the judgment was not against the weight of the evidence, because there was evidence to support the judgment and because it did not erroneously declare or apply the law, *Murphy v. Carron, supra.*

Reference to the total hours and the claimed compensatory rate is made to point out that in arriving at what is a reasonable and adequate fee, the time expended and a claimed reasonable compensatory rate are not the only items to be considered. The amount of the estate, the difficulty of duties involved and the services performed must be considered. These elements are to be taken into account collectively by the probate court in determining what is reasonable and adequate compensation. *In re Estate of Bacheller*, 437 S.W.2d 132 (Mo. App.1968). *Bacheller* provides that if the statutory minimum fee constitutes reasonable compensation for the services rendered, it is all that can be allowed regardless of the time spent or the hourly charge prescribed. It should be noted that the hourly charge prescribed in *Bacheller* was that promulgated by the bar association.

In the instant case, appellant's claim for compensation embraces numerous administrative duties (such as the organization of bills, trips to the bank, correspondence to the real estate agent, payment of court costs and others) which, while important to the administration of the estate, are not compensable by fees at professional rates. See *Bacheller, supra.*

If this court were not barred by Rule 73.01 from reviewing appellant's claim with particularity and the judgment included a requested finding of fact, the foregoing factors of time, difficulty of duties involved, services performed, the applicability of professional rates and the amount of the estate would be considered in final determination of the action taken by the probate court.

In summary, this court concludes that if reasonable and adequate compensation is within the statutory minimum rate schedule, that is all that is allowable. *Bacheller, supra.* If a claim is submitted which is reasonable compensation, although in excess of the minimum rate schedule, the probate court is empowered by § 473.153.1 to order payment of same. This order is not mandatory by the mere submission of such claim, nor is such order contingent or interdependent upon the absence of a finding that the administrator failed to meet his or her responsibilities to the estate under § 473.153.4. In addition, the review of said order is limited by Rule 73.01 and *Murphy v. Carron, supra.* Upon review, the factors of time, difficulty of duties involved, services performed, the applicability of professional rates and the amount of the estate will be considered in final determination of the action taken by the probate court. *Bacheller, supra.*

For the foregoing reasons, appellant's point (a) is found to be without merit and is ruled against him.

In his final point (b), appellant argues that the probate court erred in allowing the sum of $713.62 as compensation because this sum was less than the minimum provided for in the statutory rate schedule.

Appellant urges that the applicability of the percentage rate (5% on the first $5,000 and 4% on the next $20,000) should be applied to a total value of $19,452.75. Appellant determines the value of the estate as follows:

| | |
|---|---|
| Cash value of personal property resulting from auction | $952.75 |
| Sale of real property | 18,500.00 |
| Total | $19,452.75 |

Appellant then argues that the 5% should be applied to the first $5,000 for the sum of $250.00, and the 4% rate applied to the remainder ($14,452.75) for the sum of $578.11. Under this argument, appellant claims a total allowance of $828.11.

The parties are in dispute over the value to be assessed to the real property. Appellant contends (for purposes of determining his compensation) that the value should be the sale price of the real property or $18,-500. In contrast, respondent argues that since the proceeds of the sale of the real property ($18,500 minus satisfaction of the deed of trust and earmarked restoration funds) realized by the estate amounted only to $5,682.55, this lesser sum must be utilized in the determination of appellant's compensation.

Aside from reference to § 473.153.1, appellant directs this court to no authority on

this question. Appellant merely recites the statute and includes the $18,500 figure within his argument. The pertinent portion of § 473.153.1 reads as follows:

". . . he shall be allowed as the minimum compensation for his services the following percentages of the value of the personal property administered and of the proceeds of all real property sold under order of the probate court:"

As possible guidelines, but certainly not dispositive of the issue herein, respondent cites *Hitchcock v. Mosher*, 106 Mo. 578, 17 S.W. 638 (1891) and *In re Peters*, 128 Mo. App. 666, 107 S.W. 406 (1908).

In *Hitchcock*, the decedent had contracted for the purchase of preferred railway stock and had made a down payment. He died before the stocks were totally paid for and the estate sold the shares. The estate received the difference between the sale price and the unpaid balance on the original purchase price. Our state Supreme Court allowed compensation based upon the sum received by the estate, or the difference in sale price minus the sum due on the balance of the original purchase price.

*Peters* involved a dispute over final settlement in an estate in which the court held that the executor, even though an attorney, was not entitled to a fee for defending the action because of a prior agreement regarding his fees. *Peters*, without explanation, interpreted § 223, RSMo 1899 [Ann.St. 1906, p. 415] to mean that commissions and fees are chargeable only on amounts collected and paid out of an estate. It would appear that *Peters* suggests a distinction between instances where money is received by an estate and then disbursed to satisfy encumbrances versus those instances where encumbrances are paid directly first and the balance then remitted to the estate. *Peters* makes no analysis of these approaches.

The record herein regarding the sale of the real property reveals that the purchaser, pursuant to the order of the probate court, paid the sum of $5,682.55 to the estate, deposited $1,040.00 in a special account to pay for improvements to comply with F.H.A. standards, and *assumed the mort-gage balance of $11,777.45.* Thus, the estate never received, by any in/out transaction, the total of $18,500, only the cash payment of $5,682.55. This transaction is similar to that in *Hitchcock*.

Under the facts and circumstances of the instant case and *Hitchcock, supra,* this court finds the sum of $5,682.55 to be the sum upon which appellant's fee should be calculated.

If the issue raised in appellant's point (b) were solely the ascertaining of the value of the estate upon which appellant's compensation were to be calculated, appellant's compensation would total $381.09. The probate court, however, ordered payment of compensation in the amount of $713.62. It is apparent that this sum ($713.62) was in excess of the statutory minimum rate set forth in § 473.153.1 ($381.09); and that the probate court, pursuant to the statute, ordered payment of compensation in excess of the statutory minimum. This action by the probate court not only conforms to the provisions of § 473.153.1, but conforms to the rationale and reasoning set forth within the discussion and disposition of appellant's point (a) above. There is nothing in this record which warrants disturbing the order of the probate court awarding compensation to appellant in the sum of $713.62.

For the reasons set forth herein, appellant's point (b) is found to be without merit and is ruled against appellant.

The judgment is in all respects affirmed.

All concur.