In re ESTATE OF David C. BLACK, Deceased, William L. Black, Administrator.

Michael L. MAYNARD's Petition for Attorney Fees and Costs, Respondent,

v.

Noel V. CANTRELL, Appellant.

No. 48603.

Missouri Court of Appeals, Eastern District, Southern Division.

June 28, 1985.

V. Kenneth Rohrer, Farmington, for appellant.

Michael L. Maynard, Flat River, for respondent.

DOWD, Presiding Judge.

This is an appeal of a probate court order allowing an $18,000.00 attorney fee against an estate. At the time of the trial, the estate was estimated to have a value of $42,000.00 by the administrator. Therefore, the fee was in excess of the statutory minimum amount. § 473.153 RSMo 1978. The estate was originally opened in probate on November 2, 1970. On August 11, 1976, the court granted, the then attorney for the estate, Robert A. McIlrath his application for attorney fees in the amount of $3,000.00. In 1979 attorney McIlrath died and was replaced by attorney Michael L. Maynard, respondent here. Maynard had worked as an associate with McIlrath from 1976 till his death in 1979 at which time Maynard assumed control of McIlrath's practice. McIlrath left no time sheets reflecting his work as an attorney for the estate for which he had not billed the estate.

In August 1981, appellant, a creditor of the estate, recovered a judgment of $127,-000.00 actual damages and $35,000.00 punitive damages against the estate. This judgment was affirmed on appeal by this court and remains unsatisfied. In November of 1983, attorney Maynard filed a petition for attorney fees with the probate court in the amount of $31,472.39. Count I of said petition, in the amount of $7,805.00, related to work done before the death of attorney McIlrath in 1979 but not billed.

On March 12, 1984, the probate court returned its judgment for $18,000.00 in favor of attorney Maynard. We affirm.

A. UNDUE EMPHASIS TO THE ALLEGED TIME INVOLVED

■ Appellant's first point on appeal is that the trial court gave undue emphasis to the alleged time involved to render services and failed to consider other factors such as the amount of the estate, the results obtained by the attorney, or the novelty and difficulty of the questions involved. This case was tried by the court without a jury, thus "the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it...." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Determining the reasonableness of attorney's fees is within the sound discretion of

the trial court. *Wurtz v. Daniel Hamm Drayage Co.,* 530 S.W.2d 752, 755 (Mo.App. 1975).

A trial court, in determining what is a "reasonable and adequate" fee under § 473.153(3) RSMo 1978, should consider in addition to total hours expended by the attorney: the amount of the estate, the difficulty of duties involved, and the services performed. *Estate of Newhart,* 622 S.W.2d 398, 402 (Mo.App.1981). The record contains evidence of the value of the estate, difficulty of duties involved, services performed, as well as the hours expended by the attorney. The legal services performed by respondent consisted of three circuit court trials and two appeals to this court in addition to the ordinary legal services required by an estate. These services resulted in over 500 hours being expended for the estate. These are services which require the use of the attorney's professional expertise and are thus more valuable than ordinary services rendered an estate. The amount of the estate is only one of the factors to be considered and does not alone make unreasonable a fee awarded by the trial court. Furthermore, the trial court's award was $13,000.00 less than what it would have been if the trial court had considered the hourly rate alone. Therefore, the record sustains a finding that the trial court weighed factors in addition to hours expended and was within the holding of *Newhart, supra.* This point is thus overruled.

## B. HEARSAY PLAINTIFF'S EXHIBIT 1

Appellant next contends that admitting plaintiffs Exhibit 1 constitutes reversible error by the trial court. The exhibit consists of time estimates of work done solely by the deceased attorney, McIlrath, multiplied by hourly rates. This report was prepared by Maynard who testified at trial and was cross-examined concerning the document. Maynard had no first hand knowledge of the time it took McIlrath to do the work in question.

The exhibit is an out-of-court statement offered for the truth of the matter assert-

ed. It constitutes inadmissible hearsay unless it falls within one of the recognized exceptions. *Hussey v. Robison,* 285 S.W.2d 603 (Mo.1956); *Wahl v. Cunningham,* 332 Mo. 21, 56 S.W.2d 1052, 1059 (Mo. banc 1933). At the trial, respondent asserted that the document was a business record thus admissible under § 490.680 RSMo 1978. However, the document falls outside the plain language of the statute: "made in the regular course of business, at or near the time of the act." Plaintiff's exhibit I was prepared in contemplation of trial years after the act (the actual work by McIlrath) and is thus an inadmissible, self-serving statement. *Matter of Estate of White,* 665 S.W.2d 67, 69 (Mo.App.1984).

Despite the admission of hearsay evidence, reversible error does not lie. In a court tried case, it is practically impossible to predicate reversible error on the erroneous admission of evidence. In *Interest of J.A.J.,* 652 S.W.2d 745, 749 (Mo.App.1983). To predicate reversible error on erroneous admission of evidence in a nonjury case, the party advancing such contention ordinarily must demonstrate lack of competent evidence to support the decree. *Green v. Stanfill,* 641 S.W.2d 490, 491 (Mo.App. 1982). There exist other competent and substantial evidence besides the hearsay document to support a judgment of $18,000.00. Therefore the error was harmless and not reversible.

## C. MISMANAGEMENT OF ESTATE

Appellant's last point is that the administrator's attorney is not entitled to a fee because the administrator's mismanagement of the estate is imputable to the administrator's attorney. The only case appellant cites in support of this proposition is *In re Alexander's Estate,* 360 S.W.2d 92, 105 (Mo.1962). The evidence at trial on this issue was that the administrator invested approximately $40,000 of estate money and earned only $3,000 in interest during a two and one half year period during which the interest rates were between eight and ten percent.

*Alexander* does not stand for the proposition that all acts of an administrator are imputable to the attorney for the estate. There the attorney was faulted for failing to properly act on information he had in his possession which could have avoided large additional expenses. The attorneys in *Alexander* had themselves acted negligently in carrying out their duties for the estate; there was no imputation of mismanagement from the administrator to the attorney. *Alexander* does not support appellant's point that the attorney Maynard is not entitled to fee because the administrator earned a less than average yield on the estate assets. This point is denied.

The judgment is affirmed.

CRIST and CRANDALL, JJ., concur.