**Dawn HARRINGTON, Appellant–Respondent,**

v.

**David HARRINGTON, Respondent–Appellant.**

**Nos. WD 63606, 63673.**

Missouri Court of Appeals, Western District.

Jan. 18, 2005.

Jeffrey S. Royer, Blue Springs, for Appellant.

Michael W. Hanna, Raytown, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

Dawn M. Harrington and David B. Harrington each appeal from the dissolution judgment entered by the trial court, below. We hold that court abused its discretion by striking David Harrington's pleadings and preventing him from introducing evidence or asserting affirmative defenses because those sanctions were imposed without reasonable notice to him. We, therefore, reverse the judgment and remand for further proceedings.

**Factual and Procedural Background**

The present appeal arises out of the dissolution of the fourteen-year marriage of David B. Harrington (hereinafter "Husband") and Dawn M. Harrington. (hereinafter "Wife"). The parties separated in late August 2001, and dissolution proceedings were filed shortly thereafter. There were four children born of the marriage, presently ranging from six to fifteen years of age, and a Guardian ad Litem was appointed to represent their interests in the litigation.[1]

While the case was pending, a motion was filed requesting that Husband submit to a physical examination pursuant to Rule 60.01(a)(1), apparently alleging that Husband had engaged in use of illicit drugs.[2] The trial court subsequently ordered Husband to submit to drug testing (including urinalysis and hair follicle analysis) no later than February 15, 2002. Husband failed to comply with that order. According to the record, Husband even shaved his body hair to avoid follicle hair analysis.

Wife subsequently brought a motion for contempt on March 7, 2002, seeking attorney fees and "such other relief as the court shall deem just and proper in the circumstances." It is not clear whether a hearing was held on Wife's motion, but on March 21, 2002, the trial court entered yet another order directing Husband to submit to drug testing. Nothing in the record indicates any other action took place regarding this issue in the nearly seven months be-

---

1. The record on appeal does not contain the order appointing the Guardian ad Litem for the children. Thus, the precise reasons for the appointment of a Guardian ad Litem are somewhat unclear, though there is a suggestion that domestic violence was a factor, based upon indications that Wife had obtained an order of protection against Husband at some point.

2. The motion for physical examination has not been included in the record on appeal.

tween this last order and the date the trial began in October 2002.

Husband was the custodian of stock accounts for the parties' children that were given to them by their paternal grandparents. During the proceedings below, Wife asked the trial court to appoint a substitute custodian for those accounts, but the court denied that request believing that it lacked jurisdiction to do so. According to the allegations below, Husband subsequently converted at least some portion of the children's stock accounts and used the funds for his own purposes. Wife filed a separate contempt motion with regard to this issue, but it was subsequently dismissed.

The case proceeded to trial on October 10, 2002. Wife appeared in person and through counsel. Husband, however, appeared only through counsel, as he was apparently being held in federal custody upon a firearms charge. The Guardian ad Litem was also present.

At the start of the proceedings, the Guardian ad Litem made an oral motion to strike Husband's pleadings. There were a number of grounds mentioned for that motion, including: Husband's failure to appear at trial due to his incarceration,[3] his refusal to submit to drug testing as ordered by the court, the dissipation of the children's assets, and Husband's noncompliance with terms of Wife's order of protection. The trial court took the motion under advisement and proceeded to begin hearing evidence before adjourning trial until November 21, 2002. At the beginning of proceedings on that day, the trial court announced that it was striking Hus-

band's pleadings. It subsequently issued a written order dated November 22, 2002, finding each of the grounds alleged by the Guardian ad Litem in her motion. That order struck Husband's pleadings and also barred him from presenting evidence, testimony, or affirmative defenses.

At the conclusion of trial, the trial court entered a judgment dissolving the parties' marriage, determining marital and non-marital property, dividing the marital assets and debts, and awarding Wife sole legal and physical custody of the parties' children, as well as granting other relief. Wife appeals that judgment, raising two points on appeal. Each point concerns the children's stock accounts. Wife contends that the trial court erred both by failing to appoint a replacement custodian for the accounts and by failing to classify those accounts as marital property and to include them in the division of marital property.

Husband has cross-appealed. In five of his seven points on appeal,[4] he argues that the trial court erred in the proceedings below. First, he contends that the trial court erred in striking his pleadings and prohibiting him from presenting evidence, testimony, and affirmative defenses. He next argues that the trial court erred in ordering him to pay Wife's attorney fees. His third and fourth points claim that the court's award of child support was not supported by the evidence and that the trial court erroneously entered judgment against him for $21,242 for retroactive child support while separately ordering child support to be retroactive to October 2001, granting Wife a double recovery.

---

3. We note that while Husband did not personally appear at trial due to being held in federal custody, he did appear at trial through counsel. *See Spirtas Co. v. Div. of Design & Const.,* 131 S.W.3d 411, 415–16 (Mo.App. 2004).

4. The remaining two points in Husband's brief are merely responses to Wife's two points on appeal.

His fifth point on appeal argues that the trial court erred in dividing the marital property and debts.

We find Husband's first point in his cross-appeal to be dispositive and reverse and remand the matter for further proceedings.

## Discussion

■ Husband's first point on appeal contends that the trial court erred in its order striking his pleadings and barring him from presenting evidence, testimony, and affirmative defenses at trial. He claims that this order was erroneous for four reasons. First, he argues that three of the reasons relied upon by the Guardian ad Litem and the court were insufficient to support the sanctions imposed. Second, he contends that the sanctions were improper because he was not provided reasonable notice of the motion and sanctions. Third, he claims that the trial court unjustly exercised its discretion in imposing the sanctions. For his fourth argument, he claims that the Guardian ad Litem failed to plead or prove prejudice in her motion for sanctions, and, thus, the trial court erred in finding prejudice and granting sanctions against him.

■ Rule 61.01 authorizes the imposition of sanctions when a party fails to comply with discovery requests. *Scott v. LeClercq,* 136 S.W.3d 183, 190 (Mo.App. 2004). In reviewing an imposition of sanctions against a party, the issue does not turn upon whether the appellate court would impose the same sanctions under the same circumstances. *See id.* Instead, we will reverse only upon a showing that the trial court abused its discretion. *See id.* To constitute an abuse of discretion, the trial court's action must be clearly against the logic of the circumstances before the court and be so arbitrary and unreasonable to shock the sense of justice and reveal a lack of careful consideration. *Id.*

Husband first contends that he was not provided with adequate notice of the Guardian ad Litem's motion for sanctions. A similar issue regarding adequacy of notice prior to striking pleadings in a dissolution action was addressed in *Bell v. Bell,* 987 S.W.2d 395 (Mo.App.1999). In *Bell,* the husband had failed to timely respond to interrogatories and a request for production of documents propounded by wife. *Id.* at 400. The wife then brought a motion to compel discovery, in which she also specifically requested relief in the form of striking the husband's pleadings. *Id.* The trial court then ordered the husband to respond to the discovery by a set date, but he made no response prior to the deadline. *Id.* The wife, after attempting to resolve the issue informally with the husband, then filed a motion for sanctions, again asking the trial court to strike husband's pleadings. *Id.* The trial court set one final deadline for husband to respond to the discovery, but the husband again did not respond. *Id.* At the beginning of trial the wife made an oral motion for sanctions, seeking to strike the husband's pleadings and to limit his presentation of evidence. *Id.*

The trial court granted that motion, and husband subsequently appealed that ruling, claiming that the wife's motion, made at the beginning of the first day of trial, did not provide him reasonable notice. *Id.* The appellate court noted that the wife had twice, in the three months leading up to trial, filed motions expressly seeking to have husband's pleadings stricken. *Id.* at 401. It therefore found that the husband had been placed on sufficient notice regarding the possible sanctions and the basis thereof such that the trial court's ruling on the wife's oral motion was not an abuse of discretion. *Id.*

■ Here, the Guardian ad Litem made no motions prior to trial seeking to have Husband's pleadings stricken on any of the grounds articulated in her oral motion. Nor did she give any other prior indication that she intended to seek such relief. We do note, however, that two of those grounds raised by the Guardian ad Litem, specifically the failure to comply with court-ordered drug testing and Husband's dissipation of certain assets, had been raised by Wife prior to trial. With regard to the issue of dissipation of property, the record indicates that Wife's motion for contempt on that issue was dismissed roughly four months prior to trial. Turning to the remaining ground, Husband's failure to submit to drug testing, the record shows that Wife never expressly requested in her motions that Husband's pleadings be stricken, unlike her counterpart in *Bell*.[5] Further, she took no further action after the trial court's March 21, 2002 order directing Husband to submit to drug testing. Overall, the record suggests that Wife essentially abandoned her attempts to seek sanctions against Husband regarding these matters. Certainly, Husband was not placed on notice that those issues would be re-raised by the Guardian ad Litem at the beginning of trial. We find that Husband was not provided adequate notice regarding the motion.

■ Wife, on appeal, contends that any prejudice to Husband due to lack of prior notice of the Guardian's motion for sanctions was remedied because the trial court did not immediately rule upon the motion and instead took the matter under advisement for more than a month. She argues that Husband had the opportunity to request formal hearing on the motion or to submit a brief to the court on the issue in the intervening time and that he failed to do so. We find that making a request for formal hearing was unnecessary because the court conducted a hearing on the Guardian's motion immediately after it was made. Upon taking the matter under advisement, the court made no suggestion that it would entertain further briefing or would hear further argument on the matter. It also immediately proceeded to trial. We find that the lapse in time between the hearing and the issuance of the trial court's order did not cure the failure to provide reasonable notice to Husband.

Upon the record before us, we conclude that Husband was not supplied with reasonable notice prior to the trial court's actions in proceeding upon the Guardian ad Litem's oral motion for sanctions. Rule 61.01 requires such notice as a condition for imposing sanctions. Therefore, the trial court abused its discretion in striking

5. Husband also argues that, even if he had been given sufficient notice with regards to this ground, the trial court's order constituted an abuse of discretion because of the breadth of the sanction. He points out that there were numerous issues in dispute in this dissolution action. Some of them concerned identifying the parties' marital and nonmarital property and dividing the former between the parties. Others bore upon issues of child custody, visitation, and support. He contends that there was no suggestion that the allegations regarding Husband's use of illegal drugs had any bearing upon the property issues, and were relevant only to child custody and visitation issues. When dealing with a discovery violation that primarily affects a specific issue disputed by the parties, a trial court may appropriately limit and tailor its sanctions to bar the party that committed the violation from disputing that issue. *See, e.g., Goede v. Aerojet Gen. Corp.*, 143 S.W.3d 14, 22–23 (Mo. App.2004). He argues that the trial court abused its discretion in not limiting the sanctions to preventing him from presenting evidence with regard to the issues of custody and parenting time. Ultimately, however, we need not reach this issue because we conclude that Husband was not provided reasonable notice prior to the imposition of sanctions.

Husband's pleadings and barring him from presenting evidence, testimony, or affirmative defenses.

This finding of error is dispositive. We do not reach the merits of any of the other points raised by the parties in the present appeal and cross-appeal. The judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.

PAUL M. SPINDEN, Judge, and JOSEPH M. ELLIS, Judge, concur.