Dennis THOMPSON, Plaintiff–Respondent,

v.

Wayne ROCKETT, Defendant–Appellant.

No. SD 30015.

Missouri Court of Appeals,
Southern District,
Division One.

June 7, 2010.

Matthew B. Lee, Poplar Bluff, MO, for Appellant.

Brian Scott McChesney, St. Louis, MO, for Respondent.

JEFFREY W. BATES, Presiding Judge.

Wayne Rockett (Rockett) appeals from a judgment entered against him in a personal injury action brought by Dennis Thompson (Thompson). In Rockett's first point, he contends the trial court lacked the statutory authority to award damages to Thompson because his exclusive remedy was his workers' compensation claim. In Rockett's second point, he contends the trial court erred in admitting certain documentary exhibits relating to Thompson's damages. This Court cannot address the merits of Rockett's first point because the trial court entered an interlocutory default judgment against him for failure to make discovery. The second point has no merit. Accordingly, the trial court's judgment is affirmed.

Thompson's personal injury action was originally filed in January 2007. At that time, Rockett was not a party to the action. He was added as a party-defendant in an amended petition filed by Thompson in June 2008. In relevant part, the amended petition alleged that:

(1) Rockett and Thompson were employed at Rose Concrete Products;

(2) Rockett was one of Thompson's supervisors;

(3) Thompson was severely injured when a dump truck that he was driving overturned;

(4) Rockett purposely and personally directed plaintiff to drive the dump truck, which had an unsafe hydraulic pump that needed to be replaced; and

(5) prior to the accident, Rockett had directed mechanics not to replace the pump because he did not want the vehicle to be taken out of service.

Rockett was served in early July 2008. Thereafter, Thompson voluntarily dismissed his claims against the other defendants in the case. Rockett filed an answer to the amended petition on August 7, 2008.

In mid-August 2008, Thompson propounded interrogatories to Rockett. No answers to those interrogatories were ever received by Thompson. On May 4, 2009, Thompson filed a motion for sanctions and asked the court to enter a default judgment on liability against Rockett for failing to answer interrogatories. In late May 2009, Rockett filed a motion to dismiss the case on the ground that Thompson's claim for workers' compensation benefits was his exclusive remedy. Thompson responded that his personal injury action against fellow employee Rockett was permitted by the "something more" exception to the exclusive remedy provision in § 287.120.2 discussed in cases like *Burns v. Smith*, 214 S.W.3d 335 (Mo. banc 2007).

On July 16, 2009, the court denied Rockett's motion to dismiss and granted Thompson's motion for sanctions. The court gave the following explanation for imposing sanctions against Rockett:

On or about August 18, 2008, Thompson's counsel served Rockett's counsel with interrogatories to be answered by Rockett. However, Rockett failed and/or refused to answer the interrogatories. Thompson's attorneys attempted to resolve this discovery dispute. Rockett's attorney repeatedly tried to contact Rockett and conceded the following: "I have no reason to believe that I will ever be able to contact Wayne Rockett." Thompson filed a motion for sanctions asking this Court to remedy Rockett's disobedience by entering a default judgment against Rockett pursuant to Supreme Court Rule 61.01(b)(1). After a full hearing on May 14, 2009, this Court granted Rockett additional time to an-

swer Thompson's interrogatories, but emphasized to Rockett's attorney that Rockett would be sanctioned with a default judgment if he failed to answer Thompson's interrogatories on or before June 3, 2009. Thompson's motion for sanctions was therefore rescheduled for hearing on June 3, 2009. However, Rockett's attorney appeared for hearing on June 3 without Rockett and without Rockett's answers to interrogatories. . . . Rockett was required to answer and/or object to the interrogatories within thirty (30) days as required by Supreme [Court] Rule 57. To date, nearly eleven (11) months have passed and Rockett still has not answered. Nor has Rockett offered a reasonable excuse. In fact, Rockett's own attorney has indicated that he has no reason to believe that he will ever be in contact with Rockett again. Therefore, this Court hereby sanctions Rockett's disobedience by entering a default judgment against defendant Rockett and for plaintiff Thompson pursuant to Rule 61.01(b)(1). This Court will set this matter for hearing to assess plaintiff Thompson's damages, if any.

The damages trial was held on July 23, 2009. At the beginning of that hearing, Thompson's counsel offered ten exhibits into evidence. Rockett's counsel objected to all of the documents on the grounds of hearsay and lack of foundation. Thompson was the only witness who testified at the hearing. Viewed in a light most favorable to the judgment, the following is a summary of his testimony.

In March 2005, Thompson worked for Rose Concrete as a manual laborer. He was then 52 years old. He had been employed by Rose Concrete for 16 years, and he worked an average of between 40–70 hours a week. For the first eight hours he worked each day, he earned $12 per hour. For each additional hour of that work day, he earned $18 per hour. His average weekly wage was $694.49. He had planned to work until he was 65 years of age.

On March 9, 2005, Thompson was working in the bed of a dump truck full of rocks when the vehicle flipped over on top of him. He sustained an injury to his left shoulder and arm that required hospitalization. He had to have two surgeries performed on his arm. He also underwent physical therapy. His medical expenses totaled $61,238.

Thompson had first begun working at the age of 16 or 17, and he had been fully employed his whole adult life before this injury occurred. After the first surgery, he returned to work. He ended up having to undergo a second surgery to his left arm. Once the second surgery was performed, Thompson was never able to return to work again. His doctors stressed that he should not use his left arm anymore to avoid tearing up the muscles that had been surgically repaired. Due to Thompson's inability to work any longer, he had sustained past lost wages of $134,731. His anticipated lost wages from the date of trial through age 65 totaled $310,437.

Thompson suffered from pain every day because of the injury to his left shoulder and arm. The pain was severe enough that it sometimes caused him to awake at night. The pain also was significant enough to inhibit his use of his left arm and interfere with his activities of daily living. As a result of this injury, he had become depressed and was taking medication for that condition. Thompson attributed his depression to the fact that he went from "doing everything to not being able to do anything." Thompson lived alone and had to take care of himself because his wife had died.

At the conclusion of Thompson's testimony, his attorney pointed out to the court that Thompson's economic losses (his past medical bills plus past and future lost wages) totaled over $500,000. Counsel asked the court to award an additional $300,000 to $400,000 for Thompson's non-economic losses. The court found Thompson's damages to be $850,000. This appeal followed.

## Point I

■ In Rockett's first point, he contends the trial court lacked the statutory authority to award damages to Thompson for this on-the-job injury because his workers' compensation claim was his exclusive remedy. For the reasons set forth below, we cannot address this issue because Rockett lost the ability to assert that affirmative defense, or any others, when the trial court entered its interlocutory default judgment on liability as a sanction for failing to make discovery.

As noted above, Rockett filed a motion to dismiss Thompson's tort claim in May 2009. At the time Rockett's motion was filed, this was an accepted procedure for raising the exclusive remedy defense contained in § 287.120.2. *See, e.g., Harris v. Westin Management Co. East,* 230 S.W.3d 1, 2–3 (Mo. banc 2007).[1] *Harris* and like cases were decided on the basis that a circuit court lacked "subject matter jurisdiction" over a claim barred by § 287.120.2. *See, e.g., State ex rel. Taylor v. Wallace,* 73 S.W.3d 620, 621 (Mo. banc 2002) ("subject matter jurisdiction over [workers' compensation claims] properly lies in the Labor and Industrial Relations Commission"). That was the same argument Rockett made to the trial court.

■ In *McCracken v. Wal–Mart Stores East, LP,* 298 S.W.3d 473 (Mo. banc 2009), however, our Supreme Court overruled that prior line of cases. *Id.* at 475. *McCracken* held that article V, § 14 of the Missouri Constitution gives a circuit court subject matter jurisdiction to hear a civil case sounding in negligence. *Id.* The exclusive remedy provision in § 287.120 is merely an affirmative defense that must be pleaded and proven as provided in Rules 55.08 and 55.27. *See id.* at 479. Because this statutory bar to recovery is not jurisdictional in nature, it can be waived like other defenses. *Id.* To accommodate pending cases, our Supreme Court also decided the rule requiring this issue to be timely raised as an affirmative defense would only be applied prospectively.[2] "In pending cases, courts should treat the matter as preserved if raised [by motion to dismiss] and should be liberal in permitting amendment ... to responsive pleadings during the transition back to treating this matter as an affirmative defense." *Id.* at 479–80. Thus, the Supreme Court directed that courts in pending cases should treat a motion to dismiss raising the exclusive remedy bar of § 287.120.2 as though it were an affirmative defense asserted in a defendant's answer.

This change in the law has a direct bearing on our resolution of Rockett's first point on appeal. Although Rockett raised the exclusive remedy defense in a motion to dismiss, this Court will treat this appeal as though the statutory exclusive remedy bar had been asserted as an affirmative

---

1. All references to statutes are to RSMo Cum. Supp. (2008). All references to rules are to Missouri Court Rules (2009).

2. A case is pending until direct appellate review is exhausted. *State v. Cobb,* 875 S.W.2d 533, 534 (Mo. banc 1994); *Green v. State,* 886 S.W.2d 953, 954 (Mo.App.1994); *Hawkins v. State,* 854 S.W.2d 606, 607 (Mo.App.1993). Therefore, *McCracken* applies even though that decision was announced while the instant case was on appeal.

defense in a May 2009 amendment to Rockett's answer. The dispositive issue is whether Rockett lost the right to assert that affirmative defense by failing to make discovery. We hold that he did.

"Rule 61.01 authorizes the imposition of sanctions when a party fails to comply with discovery requests." *Harrington v. Harrington,* 153 S.W.3d 315, 318 (Mo.App. 2005). One sanction a court may impose is the entry of a default judgment against the disobedient party. *Sonderman v. Maret,* 694 S.W.2d 864, 866 (Mo.App.1985). That includes a party who fails to answer interrogatories. Rule 61.01(b)(1); *Hoodenpyle v. Schneider Bailey, Inc.,* 748 S.W.2d 683, 685 (Mo.App.1988).

Once the trial court granted the interlocutory judgment of default on liability against Rockett, his affirmative defense based upon § 287.120.2 was no longer an issue in the case. Rockett's failure to answer interrogatories permitted the trial court to presume "that no merit exists in the asserted defense in light of the failure of the errant party to produce information necessary to dispose of the cause." *State ex rel. Eddy v. Rolf,* 145 S.W.3d 429, 433 (Mo.App.2004); *Norber v. Marcotte,* 134 S.W.3d 651, 662 (Mo.App.2004); *Simpkins v. Ryder Freight System, Inc.,* 855 S.W.2d 416, 420–21 (Mo.App.1993).

■ On appeal, Rockett could have challenged the trial court's entry of a default judgment on liability as an abuse of discretion. *See, e.g., Harrington,* 153 S.W.3d at 318. He chose not to do so. Instead, his first point on appeal only challenges the trial court's earlier decision to deny the exclusive remedy defense. We cannot review that ruling. *Duvall v. Maxey,* 249 S.W.3d 216 (Mo.App.2008), is directly on point. There, Duvall filed a lawsuit alleging that he was defamed by Maxey. Maxey filed an answer, but he failed to answer interrogatories or appear for a deposition. As a sanction, the trial court struck Maxey's answer and entered an interlocutory judgment on liability pursuant to Rule 61.01. *Id.* at 218. On appeal, two of Maxey's points asserted that Duvall failed to present sufficient evidence to prove the elements of defamation. The western district of this Court held that "[t]hese are efforts to argue the merits of the case. The issue in a judgment for sanctions is simply whether the trial court abused its discretion in issuing the judgment for sanctions. We are unable to review the merits of the case. Points II and III are denied." *Id.* at 221 (citation omitted).

We reach the same conclusion here. The issue of whether the trial court erred in denying the exclusive remedy defense—prior to entering a default judgment on liability against Rockett—is not before this Court, and we will not address it. *Duvall,* 249 S.W.3d at 221. Rockett's first point is denied.

### Point II

The trial court's entry of an interlocutory default judgment on liability did not relieve Thompson of his obligation to prove damages. *See Scott v. LeClercq,* 136 S.W.3d 183, 193 n. 1 (Mo.App.2004). The issue of damages was tried to the court. Appellate review is governed by Rule 84.13(d) and the principles articulated in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).[3] We must affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Salem United*

---

3. *Murphy* interpreted the provisions of former Rule 73.01(c). The provisions of that rule were transferred, in essentially the same form, to Rule 84.13(d) effective January 1, 2000.

*Methodist Church v. Bottorff,* 138 S.W.3d 788, 789–90 (Mo.App.2004). "We review the evidence and all reasonable inferences in the light most favorable to the judgment and disregard all contrary evidence and inferences." *Arndt v. Beardsley,* 102 S.W.3d 572, 574 (Mo.App.2003). We defer to the trial court's determination of witness credibility and recognize that the court is free to accept or reject all, part or none of the testimony presented. *Christian Health Care of Springfield West Park, Inc. v. Little,* 145 S.W.3d 44, 48 (Mo.App.2004).

■ In Rockett's second point, he contends the trial court erred in admitting ten documentary exhibits during the damages portion of the trial. Rockett argues that no foundation was laid for the admission of the exhibits, and all of them were hearsay. He further asserts that he was prejudiced by the ruling because there was no other substantial evidence to support the judgment. We find no merit in these assertions.

The first prong of Rockett's argument can be quickly dispatched because his objection to the exhibits on the ground of "lack of foundation" preserved nothing for appellate review. *Catroppa v. Metal Bldg. Supply, Inc.,* 267 S.W.3d 812, 816–17 (Mo. App.2008). This general objection was insufficient because it did not direct the attention of the court or opposing counsel to what specific foundational elements were missing with respect to any of the exhibits. *Id.* at 817.

■ Rockett's hearsay argument fares no better. "In a court-tried case it is practically impossible to predicate reversible error on the erroneous admission of evidence." *Conoyer v. Conoyer,* 695 S.W.2d 480, 482 (Mo.App.1985); *see Cooper v. Cooper,* 778 S.W.2d 694, 699 (Mo. App.1989). We presume the trial court disregarded any improperly admitted evidence and based its decision upon the competent and relevant evidence in the case. *State v. Smith,* 163 S.W.3d 63, 68 (Mo.App. 2005); *Wilson v. Sullivan,* 922 S.W.2d 835, 838 (Mo.App.1996). In addition, the improper admission of hearsay is reversible error only if the complaining party was prejudiced. *Cooper,* 778 S.W.2d at 699. If the record contains other competent and substantial evidence to support the decree, the erroneous admission of hearsay is harmless. *In re Estate of Black,* 693 S.W.2d 899, 901 (Mo.App.1985).

Rockett does not challenge any of the testimony given by plaintiff Thompson at the damages trial. This evidence, which the trial court had a right to believe, established that Thompson suffered a very serious injury when he was only 52 years old. Two surgeries and subsequent physical therapy were required to treat the injury. Thompson's medical bills totaled $61,238, which also tends to demonstrate how severe an injury he sustained. The injuries to his left shoulder and arm rendered him unable to work. As a result, his past and future lost wages totaled $445,168. Including the medical bills, his economic losses totaled $506,406.

In addition, Thompson sustained substantial noneconomic losses due to his injury. He was in pain every day because of his injury. The pain was severe enough to wake him up at night. He suffered from depression serious enough to require medication because he was "not able to do anything" anymore. His wife had died and he lived alone, so he had to take care of himself. The injury affected Thompson's ability to do so because it severely impeded the use of his left arm and shoulder to engage in activities of daily living. In our view, this testimony amply supported the trial court's decision to award Thompson approximately $350,000 for his noneconomic losses.

In short, Thompson's testimony alone provided sufficient competent evidence to support the trial court's award of $850,000 in damages. Assuming (without so deciding) that the trial court erred by admitting the exhibits relating to Thompson's damages, the error was harmless. *Conoyer*, 695 S.W.2d at 482–83; *Black*, 693 S.W.2d at 901. Rockett's second point is denied.

The judgment of the trial court is affirmed.

BARNEY and BURRELL, JJ., Concurs.