

# Missouri Court of Appeals

## Southern District

### Division Two

WHISPERING OAKS FARMS, LLC,           )
                                      )
                  Respondent,         )
                                      )
        vs.                           )          No. SD33522
                                      )
LEBANON LIVESTOCK AUCTION S&T, LLC,   )          FILED: June 16, 2015
                                      )
                  Appellant.          )

### APPEAL FROM THE CIRCUIT COURT OF LACLEDE COUNTY

Honorable Steve Jackson, Judge

**<u>AFFIRMED</u>**

Appellant ("Auction") sold 270 head of cattle, ostensibly to Jim Marshall, who would not pay after the cattle arrived at a Kansas feedlot. By mutual agreement, the feedlot resold the cattle and sent Auction the proceeds, being some $51,000 less than Auction's sale price.

Auction sought to recover this shortfall from Whispering Oaks, to which Auction had paid a commission on the original sale. Auction alleged that Whispering Oaks, not Marshall, had bought the cattle at auction "under the legal theory of

liability of an undisclosed agent." The trial court disagreed, finding that Whispering Oaks, the high bidder, then "was operating as a Disclosed Agent of Jim Marshall …."

Auction appeals. Although its points violate Rule 84.04(d), we consider them *ex gratia* to the extent we understand the complaints and the briefing errors do not substantially impede our review. ***DeLong Plumbing Two, Inc. v. 3050 N. Kenwood, LLC***, 304 S.W.3d 784, 788 (Mo.App. 2010). Having done so, we deny all points and affirm the judgment.[1]

## Principles of Review

We must affirm this court-tried judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *See* ***Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976). We are to credit evidence and reasonable inferences that support the judgment; disregard contrary evidence and inferences; and defer to the trial court's determination of contested facts. ***White v. Director of Revenue***, 255 S.W.3d 571, 576 (Mo.App. 2008). We adhere to these principles in summarizing facts throughout this opinion.

## Circumstances of Sale

Whispering Oaks principal Mike Esther[2] frequently attended Auction's sales, often bidding on behalf of other buyers. Auction knew this and let Esther bid for buyers other than Whispering Oaks.

---

[1] Statutory citations are to Missouri's Uniform Commercial Code ("UCC"), Chapter 400, RSMo 2000. Rule references are Missouri Court Rules (2015). Whispering Oaks won a money judgment against Auction on a separate claim that is not at issue in this appeal, so we omit facts and proceedings relating to it.

[2] Spelled "Easter" in the trial transcript and Auction's brief.

One auction morning, Esther introduced Marshall to Skip Thompson, a principal of Auction who testified that he not only "assumed [Esther] was there buying for Mr. Marshall," but was "sure" that was the intent. Esther further testified that Auction knew, before the sale, that he was buying for Marshall, which Esther confirmed to Auction's office following the sale. Auction invoiced the 270 cattle accordingly and paid a commission to Whispering Oaks. The cattle were loaded and shipped to Kansas. We previously summarized what followed.

We address Auction's three points out of order.

## Point II – Agency

Auction urges that Whispering Oaks bought the cattle as an *undisclosed* agent, so it was liable to pay for them, and the trial court erred in finding otherwise. This agency issue was for the trial court, as factfinder, to determine. ***Central Missouri Professional Services v. Shoemaker***, 108 S.W.3d 6, 11 (Mo.App. 2003) (whether fact of agency and name of principal "'were disclosed or known to the third party so as to protect the agent from personal liability on the transaction *is a question of fact*,'" quoting 3 Am. Jur. 2d Agency § 353 (2002)).

Since this fact issue was contested, we defer to the trial court's determination. ***White***, 255 S.W.3d at 576. We must credit favorable evidence and inferences and disregard all others. ***Id***. By contrast, Auction's argument cites evidence contrary to the judgment and ignores proof supporting it, which disregards our standard of review and emasculates the argument analytically.[3] In a nutshell, Point II fails

---

[3] *See **Ivie v. Smith***, 439 S.W.3d 189, 202 (Mo. banc 2014); ***J.A.R. v. D.G.R.***, 426 S.W.3d 624, 632 (Mo. banc 2014); ***In re I.R.S.***, 445 S.W.3d 616, 622 (Mo.App.

"because its argument 'ignores the testimony and evidence favorable to the circuit court's findings and conclusions and merely recites evidence and purported inferences favorable to [its] position,' disregards our standard of review, and is 'of no analytical or persuasive value.'" ***Smith v. Great American Assur. Co.***, 436 S.W.3d 700, 705 (Mo.App. 2014) (quoting ***J.A.R.***, 426 S.W.3d at 632).

### Point I – UCC Impact

Auction claims the trial court erroneously declared the law when it found that Auction had "adopted an informal policy of sales becoming complete when the Buyer goes to the office instead of declaring the sale final as proscribed by Section 400.2-328(2), RSMo, at the fall of the hammer." We have no quarrel with that statute[4] or ***Coleman v. Duncan***, 540 S.W.2d 935 (Mo.App. 1976), cited in Auction's argument, but neither compels reversal here.

The trial court did not *declare as law* Auction's policy or custom, but *found as facts from the evidence* that Auction had

> adopted an informal policy or allowed Bidders to develop a custom of sales becoming complete when the Bidder goes to the office and directs [Auction]'s staff to whom is the Buyer; and according to [Auction's principal Skip] Thompson, practice is not to have designation of a Buyer by the agent thus rendering the sale final until the agent goes to the office to have the transaction "billed out."

---

2014); ***In re G.C.***, 443 S.W.3d 738, 750 (Mo.App. 2014); ***Houston v. Crider***, 317 S.W.3d 178, 189 (Mo.App. 2010). The appellate framework to challenge trial court factfinding is well settled by ***Houston***, 317 S.W.3d at 186-87, and its progeny, with which Auction made no effort to comply.

[4] *I.e.*, that an auction sale "is complete when the auctioneer so announces by the fall of the hammer or in other customary manner." § 400.2-308(2).

4

Evidence supports these findings. Auction does not deny this or argue that the weight of evidence was otherwise. The trial court did not err in finding these facts as it did.

We think Auction really is arguing that § 400.2-328(2), per **Coleman**, makes Whispering Oaks liable by overriding any inconsistent policy or custom of Auction. We cannot agree for at least two reasons.

First, **Coleman**'s facts, claims, and issues bear no resemblance to this case. We had to decide if there was *any* sale in **Coleman**.[5] Here, no one denies there was a sale or that Esther was the high bidder. The question here is who owes, which turns on disclosure of Esther's agency. The trial court found this fact issue against Auction and we have rejected Point II's challenge to that finding.

Second, **Coleman** never says that § 400.2-328 or any UCC provision trumps seller custom. We did not need to reach such issues there and declined to do so:

> [Defendants] having abandoned their initial claim that a substantive right of 'No Sale' existed through usage and custom, we are saved a wearisome forage among the not-too-clear cases to determine whether custom and usage was required to be pleaded here, whether the evidence relating thereto was substantive or evidentiary, and what role the Uniform Commercial Code may have otherwise played in the matter.

540 S.W.2d at 939. Point I is not persuasive. Point denied.

### Point III – Alleged Hearsay

Finally, we reject Auction's complaint that two letters from the feedlot were admitted in evidence without redacting some alleged hearsay. "In a court-tried case

---

[5] **Coleman**'s seller claimed to have reserved the right to reject bids even after the auctioneer hammered the sale, *see* 540 S.W.2d at 936-39.

it is practically impossible to predicate reversible error on the erroneous admission of evidence." ***Conoyer v. Conoyer***, 695 S.W.2d 480, 482 (Mo.App. 1985). "We presume the trial court disregarded any improperly admitted evidence and based its decision upon the competent and relevant evidence in the case." ***Thompson v. Rockett***, 313 S.W.3d 175, 181 (Mo.App. 2010). Further, "improper admission of hearsay is reversible error only if the complaining party was prejudiced." ***Id***. If other competent and substantial evidence supports the judgment, "the erroneous admission of hearsay is harmless." ***Id***.

We need not decide if the challenged text was hearsay. Auction cites no finding or conclusion that depends on such text and thus fails to show prejudice. The transcript does not aid Auction's cause.[6] We deny Point III and affirm the judgment.

DANIEL E. SCOTT, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

JEFFREY W. BATES, J. – CONCURS

---

[6] After hearing arguments on Auction's hearsay objection, the court admitted the evidence for a limited purpose, but stated "I'm not sure how relevant it is" and "I really don't know nor do I care what [the feedlot] thinks about the transaction ...."