51

Ronald P. GEIER and Paula Geier,
Plaintiffs-Respondents,

v.

SIERRA BAY DEVELOPMENT,
LLC, Defendant,

and

Sierra Bay at the Lake, LLC,
Defendant-Appellant.

No. SD 34531

Missouri Court of Appeals,
Southern District,
Division Two.

Filed June 27, 2017

Motion for Rehearing and/or Transfer
to Supreme Court Denied July
19, 2017

Attorneys for Appellant: Karl Finkenbinder and Jacqueline Bryant, of Schenewerk & Finkenbinder, Attorneys at Law, LLC, Branson, Missouri.

Attorney for Respondents: Gerald Harms, Jr., HARMS LAW OFFICE, LLC, Lake Ozark, Missouri.

1. Bank Star One was later dismissed.

2. Despite the similarity of their names, Development and the Lake have no legal relationship. The trial court's judgment found in the

GARY W. LYNCH, P.J.

Ronald and Paula Geier (collectively, "the Geiers"), husband and wife, sued Sierra Bay Development, LLC ("Development"), Bank Star One,[1] and Sierra Bay at the Lake, LLC ("the Lake"),[2] for specific performance of a real estate contract ("the Contract"), reformation of the condominium declarations ("the Declaration") of Sierra Bay Condominiums (the "Property"), and attorney's fees. The Geiers contend that their rights to a boat slip and other condominium amenities were not included in the Declaration or conveyed to them as required by the Contract. The trial court reformed the Declaration to reflect the Contract obligation and awarded the Geiers attorney's fees. The Lake contends that the trial court's judgment was erroneous because: (1) the Geiers "did not plead facts to support reformation of the Declaration based on fraud or mutual mistake[;]" (2) "no evidence was presented to show that the terms of the Declaration did not accurately reflect the intention of the Developer and the unit purchasers[;]" (3) "the unit owners at Sierra Bay were not joined as parties to the lawsuit even though the reformation of the Declaration affected their property rights[;]" and (4) "there was no statute or contract authorizing the award of attorney's fees against [the Lake] and the fees were not necessary to balance the benefits." We find merit in the Lake's fourth point and reverse the award of attorney's fees, but we affirm the trial court's judgment in all other respects.

## Standard of Review

"On review in a court-tried case, an appellate court will affirm the circuit court's judgment unless there is no sub-

Geiers' favor on two counts—one count against Development and one count against the Lake. Development has not appealed.

stantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Ivie v. Smith*, 439 S.W.3d 189, 198–99 (Mo. banc 2014). That standard applies to review "in all types of court-tried cases." *Id.* at 199 (footnote omitted). "We are to credit evidence and reasonable inferences that support the judgment; disregard contrary evidence and inferences; and defer to the trial court's determination of contested facts." *Whispering Oaks Farms, LLC v. Lebanon Livestock Auction S & T, LLC*, 466 S.W.3d 717, 719 (Mo. App. 2015). Here, the trial court issued findings of fact, so we draw our facts from the trial court's findings that are not challenged on appeal.

### Factual and Procedural Background

In September of 2005, the Geiers sold the Property to Development in anticipation of the development of Sierra Bay Condominiums. Under the Contract, the Geiers were to receive under the anticipated condominium declaration a boat slip and other condominium amenities.[3] When Development recorded the Declaration on November 16, 2006, the Declaration was silent as to any such rights of the Geiers. On March 19, 2007, Bank Star One lent Development funds secured by a deed of trust on the Property. Bank Star One foreclosed on the Property on March 9, 2010. The Geiers filed this lawsuit on September 2, 2011, and a Notice of Lis Pendens on September 7, 2011. The Lake purchased the Property from Bank Star One on August 31, 2012.

In its judgment, the trial court ordered the Declaration reformed to include the provisions concerning the boat slip and other condominium amenities. The trial court also awarded the Geiers $8,554.80 in attorney's fees from the Lake. The Lake timely appeals.

### Discussion

### *Point One—Alleged Variance Between Judgment and Petition Not Preserved for Appellate Review and Waived*

■ The Lake's first point relied on states:

The trial court erred in reforming the Declaration, because under Missouri law, a trial court only has authority to reform a written instrument if fraud or mutual mistake has been pled [sic], in that [the Geiers] did not plead facts to support reformation of the Declaration based on fraud or mutual mistake[.[4]]

3. Under the terms of Addendum A to the Contract, Development agreed to the following:

1. Buyer to convey to seller one boat slip in the proposed condominium development, either a 12x32 or 12x34 size slip, at no cost to seller. Seller also has the right, at seller's option, to purchase on [sic] additional slip of either size at developers [sic] cost within 30 days of developers [sic] notice to seller of dock availability. Buyer agrees that condominium declarations will allow for this boat slip ownership to seller and assigns. This contingency shall survive closing.
2. Beginning the day of closing, the buyer shall not charge the sellers any Association fees for the dock/s for two years. All parties understand that if the developer turns the Condo association over to the owners prior to the two year period the Sellers will be responsible to pay for the [Dock] association fees, including sewer fees. All association fees to be on a pro-rata basis. Buyer to convey rights to the pool and condominium amenities to the seller and their assigns. This contingency shall survive closing.
* * *
8. Buyer agrees that condominium design will include closed ends on all decks and no windows on the sides of any of the Buildings.

4. Citing *Bryant v. Price*, 893 S.W.2d 856, 858 (Mo. App. 1995); *Lake Wauwanoka, Inc. v. Spain*, 622 S.W.2d 309, 310 (Mo. App. 1981); *Lake Tishomingo Property Owners Ass'n. v. Cronin*, 679 S.W.2d 852, 856-857 (Mo. banc

■ The Lake raises this issue for the first time on appeal. "Rule 78.09 requires a party, 'at the time the ruling or order of the court is made or sought, [to make] known to the court the action that the party desires the court to take or objections to the action of the court and grounds therefore.' Failure to do so precludes a party from obtaining appellate review of error in the trial court's ruling or order." *Brown v. Brown*, 423 S.W.3d 784, 787 (Mo. banc 2014). " 'An issue that was never presented to or decided by the trial court is not preserved for appellate review.' " *Id.* at 788 (quoting *State ex rel. Nixon v. Am. Tobacco Co., Inc.*, 34 S.W.3d 122, 129 (Mo. banc 2000)). As required by Rule 78.09, the trial court must be given the opportunity to rule on a question. *Brown*, 423 S.W.3d at 787. Adherence to this rule assists in resolving any alleged error at the earliest possible opportunity by "allowing the trial court to rule intelligently." *Id.* at 787–88. It is a critical component in the efficient and timely resolution of disputes and the conservation of the parties' and the courts' limited resources. *Id.* at 788.

The Lake's failure to make known to the trial court its objection to the judgment because of its alleged variance with the Geiers' first amended petition constitutes a Rule 78.09 waiver of that objection on appeal. *Mayes v. St. Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 267 (Mo. banc 2014) (citing *Pollard v. Whitener*, 965 S.W.2d 281, 291 (Mo. App. 1998) and *Niederkorn v. Niederkorn*, 616 S.W.2d 529, 535 (Mo. App. 1981)). Because the issue raised in the Lake's first point was not preserved

for appellate review and was waived, the point is denied.

### Point Two—Substantial Evidence Supports that Development Accidentally Omitted the Contract Terms in the Declaration

■ The Lake's second point relied on states:

The trial court erred in finding that Declaration should be reformed based on mutual mistake, because in Missouri, in order to reform a Declaration based on mutual mistake, there must be substantial evidence to support a factual finding of mutual mistake, in that no evidence was presented to show that the terms of the Declaration did not accurately reflect the intention of the Developer and the unit purchasers.

The Lake argues:

The only favorable evidence presented at the hearing that tends to support the finding that Developer accidentally left out the terms of the Addendum to the Contract in drafting the Declaration was [ ] Paula Geier's testimony that the developer promised to include the terms in the Declaration and the addendum to the contract contained a promise that Developer would give [the Geiers] certain rights in the Declaration. (Tr. 25: 25; 26: 1-11). However, [Paula] admitted that Developer never told her why he failed to include such language in the Declaration and Developer did not appear at trial to testify. (Tr. 47; 5-7). Like

---

1984), in its argument under this point, the Lake characterizes this alleged error as being in excess of the trial court's "jurisdiction." [AB 15-17]. As *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 252 (Mo. banc 2009), subsequently made clear, this claim of error is not a jurisdictional claim because it does not

address or concern the trial court's constitutionally granted subject matter or personal jurisdiction. Rather, as properly characterized in the Lake's point, its claim of error addresses the trial court's legal "authority" to enter the judgment.

in *Cardinal Partners,*[5] the evidence is insufficient because it merely provides evidence of what the parties agreed to—not evidence that a mistake was made in the drafting of the Declaration. No one presented evidence related to Developer's motive for failing to include the promises it made to [the Geiers] in the Declaration. It is just as likely that Developer intentionally chose to omit any language giving [the Geiers] the rights contained in the Addendum from the Declaration. Whether that breach was intentional or accidental is unclear because Developer did not testify or present any evidence as to why the terms were not included in the Declaration.

The Lake's argument has three contentions. First, the Lake argues that the Geiers were required to adduce direct evidence from Development as to Development's intent at the time the Declaration was executed. Second, the Lake urges us to consider Paula's testimony that no one with Development ever told her why it failed to include such language in the Declaration and that no one with Development appeared at trial as evidence contrary to the trial court's finding of mistake. Third, the Lake contends that no inference favorable to the judgment can be drawn from the circumstantial evidence because an inference contrary to the judgment is "just as likely." All three contentions miss the mark because they do not comport with our standard of review that requires us to consider only evidence and reasonable inferences favorable to the judgment and disregard all evidence and inferences contrary to the judgment. *Whispering Oaks Farms, LLC*, 466 S.W.3d at 719.

"[T]he existence of only circumstantial evidence on a material issue is no bar to recovery of and by itself." *Vaughan v. Taft Broad. Co.*, 708 S.W.2d 656, 661 (Mo. banc 1986). " 'Intent is in nearly every case proven by circumstantial evidence[.]' " *Birdsong v. Christians*, 6 S.W.3d 218, 226 (Mo. App. 1999) (quoting *Wagner v. Uffman*, 885 S.W.2d 783, 786 (Mo. App. 1994)). The Lake cites us to no relevant legal authority for its first contention that the Geiers could only prove Development's intent with direct evidence.

The Lake's second contention is self-defeating. We are required to disregard and ignore evidence contrary to the trial court's judgment. *Ivie*, 439 S.W.3d at 200.

As to its third contention, and as the Lake points out, Paula Geier testified at trial that Development promised to provide a boat slip and other condominium amenities for them in the Declaration and failed to do so. Testimony of Development's promise is circumstantial evidence of its intent to do so. In addition, the Geiers thereafter used a slip in the boat dock constructed by Development as well as the common elements of the condominium, all as if the terms contained in the Contract had been included in the Declaration as specified in the Contract, and such use was with the knowledge and consent of

**5.** The Lake cites *Cardinal Partners, LLC v. Desco Inv. Co.*, 301 S.W.3d 104 (Mo. App. 2010), for the assertion that where the record on appeal contains " 'no affidavit, deposition testimony, or other evidence from the original buyer about its understanding or intent at the time it purchased the property[,]' " it is erroneous for the trial court to grant summary judgment in favor of the original owner and reform the restrictive covenant. Because *Cardinal Partners, LLC* was a summary judgment case in which all factual inferences were drawn in favor of the non-movant (not the original owner), it is inapplicable. Here, all reasonable factual inferences are drawn in favor of the trial court's judgment and, therefore, the Geiers.

Development. These actions of the parties after the execution of the Contract are also circumstantial evidence of Development's intent at the time it executed the Declaration to act in accordance with the Contract.

The circumstantial evidence in this case, when viewed in accordance with our standard of review as we must, supports a reasonable inference that Development, acting as both the declarant and the initial unit owner of each unit, made a mistake in executing the Declaration without including the provisions required by the Contract. Although the evidence might support an inference otherwise, as the Lake argues, our standard of review requires us to draw all reasonable inferences in accord with the trial court's factual findings. "When the evidence poses two reasonable but different inferences, this Court is obligated to defer to the trial court's assessment of the evidence." *J.A.R. v. D.G.R.*, 426 S.W.3d 624, 626 (Mo. banc 2014). The Lake's second point is denied.

### Point Three—Failure to Join Necessary Parties Not Raised in Trial Court and is Waived

██ The Lake's third point contends: The trial court erred by reforming the Declaration, because under Missouri law, all parties to a written instrument who have interest in real estate that would be affected by reformation must be made a party to the lawsuit, in that the unit owners at Sierra Bay were not joined as parties to the lawsuit even though the reformation of the Declaration affected their property rights.

In its brief, the Lake likens this case to *Epstein v. Villa Dorado Condo. Ass'n, Inc.*, 316 S.W.3d 457, 461 (Mo. App. 2010), and then provides the following analysis:

Likewise, all unit owners in the Sierra Bay development are *necessary parties* in that they are affected by the trial court's order reforming the Declaration giving [the Geiers] certain rights. First, the trial court's judgment gives [the Geiers] one boat slip and the right to purchase an additional boat slip. (L.F. 132; Appx. at AS). [The Lake] does not currently own a boat slip to convey to [the Geiers].

Accordingly, the [Geiers] cannot receive a boat slip without taking it from a unit purchaser who most likely purchased the boat slips with no knowledge of [the Geiers'] claims. This affects the unit owners by decreasing their right to use or access those particular boat slips. Secondly, the trial court's judgment prohibits the Association from charging [the Geiers] for any fee or assessment for the period of two years after the date the first boat slip is conveyed. This means that the other unit owners will bear the costs for maintaining [the Geiers'] boat slip for the first two years. Third, the trial court's judgment gives [the Geiers] and their successors and assigns, non-owners at Sierra Bay, the same rights to the pool and condominium amenities as all unit owners. Allowing non-owners to use the pool and amenities affects the unit owners' ability to enjoy the pool and amenities. While the affect may be minor, it is still an effect that will be felt by the unit owners. Because the trial court's order affects the rights of the unit owners, the *unit owners are necessary parties* who must be joined, if feasible.

(Emphasis added).

The entirety of Lake's analysis pertains solely to whether the other unit owners were necessary parties. The Lake waived this issue by failing to raise it "by motion" or "in any pleading permitted or ordered under Rule 55.01[.]" Rule 55.27(a)(7) and (g)(2); *C & M Developers, Inc. v. Berbiglia, Inc.*, 585 S.W.2d 176, 182 (Mo. App.

1979) ("Academically, a claim that one is a necessary party is subject to waiver, and a failure to raise the matter either by way of a motion under Rule 55.27 or by alleging same in a responsive pleading constitutes an effective waiver."). Because the issue has been waived, the Lake's third point is denied.[6]

### Point Four—No Authority to Order Attorney Fees

▮ The Lake's final point contends:

The trial court erred in awarding [the Geiers] attorney's fees against [the Lake], because under Missouri law, a party may only recover attorney's fees when expressly authorized by a contract or statute or when a court of equity finds it necessary to award them in order to balance the benefits, in that there was no statute or contract authorizing the award of attorney's fees against [the Lake] and the fees were not necessary to balance the benefits.

▮ "Although awards of attorney's fees are left to the broad discretion of the trial court and will not be overturned except for an abuse of discretion, this standard is based on the assumption that the court had the authority to award the fees." *Washington Univ. v. Royal Crown Bottling*, 801 S.W.2d 458, 469 (Mo. App. 1990). Attorney's fees are only recoverable when called for by contract, when provided for by statute, when their incurrence involves the wronged party in collateral litigation, or when a court of equity finds it necessary to adjudge them in order to balance benefits. *Osterberger v. Hites Constr. Co.*, 599 S.W.2d 221, 230 (Mo. App. 1980). In order to recover by equitable balancing of the benefits, the party seeking to recover must show "very unusual circumstances." *Id.* " 'Very unusual circumstances,' as it

relates to the reimbursement of attorney's fees, has been interpreted to mean an unusual type of case or unusually complicated litigation." *In re Morrison*, 987 S.W.2d 475, 478 (Mo. App. 1999). As noted in *Grewell v. State Farm Mut. Auto. Ins. Co.*, 162 S.W.3d 503 (Mo. App. 2005), these "special circumstances have been found in very limited fact situations" that included where a trust beneficiary successfully pursued litigation beneficial to the estate as a whole, where misconduct was intentional, and where a party's conduct is frivolous, without substantial legal grounds, reckless, or punitive. *Id.* at 507.

The Geiers argue that attorney's fees are appropriate because the Lake "concedes an attorney fee provision in the Declaration" and "[s]*ection 448.4-117 RSMo.* allows the trial court to exercise its discretion in awarding attorney fees." Neither argument is persuasive.

Although the Geiers argue that the Lake has conceded an attorney fee provision in the Declaration, the Geiers do not provide us with a citation to that provision in the record and do not set forth in what respect they contend that provision applies to the Lake under the circumstances of this case. We need not reach the issue as to whether the Lake can be bound by an attorney fee provision in the Declaration in a lawsuit brought by a non-owner because our review of the Declaration does not reveal any such provision within it.

Section 448.4-117 of Missouri's Uniform Condominium Act provides:

If a declarant or any other person subject to sections 448.1-101 to 448.4-120 fails to comply with any provision hereof or any provision of the declaration or bylaws, any person or class of persons adversely affected by such failure to comply has a claim for appropriate re-

---

**6.** The Geiers' motion to dismiss the Lake's third point is denied.

lief. . . . . The court, in an appropriate case, may award reasonable attorney's fees.

"Relief under section 448.4-117, including attorney's fees, is conditioned on a showing that a defendant failed to comply with a provision of the UCA or of a declaration." *Epstein v. Villa Dorado Condo. Ass'n, Inc.*, 371 S.W.3d 23, 30 (Mo. App. 2012). The Geiers did not plead or prove a violation of the UCA or of a declaration. Their claim, therefore, does not qualify for an award of attorney fees under section 448.4-117.

██ The Geiers do not attempt to advance any argument as to any very unusual or special circumstances they claim exist in the record that support an equitable balancing of the benefits in this case. Reformation is not an unusual type of equitable relief claim, and nothing in the record indicates that this litigation was unusually complicated. There is no evidence in the record that the Geiers' successful prosecution of their claim against the Lake benefited anyone other than themselves, that any intentional misconduct by the Lake required the Geiers to bring this action, or that any action taken by the Lake in defending the Geiers' claims were frivolous, without substantial legal grounds, reckless, or punitive.

Because no contractual authority, statutory authority, or very unusual or special circumstances is supported by the evidence in the record, the trial court did not have the authority to award attorney's fees.[7] The Lake's fourth point is granted.

### Decision

The award of attorney's fees in the trial court's judgment is reversed. The trial court's judgment is affirmed in all other respects.

7.  The Geiers' motion for attorney fees on appeal is denied.

DANIEL E. SCOTT, J.—concurs

WILLIAM W. FRANCIS, JR., J.—concurs